**UNITED STATES, Appellee,**

v.

**David MAY, Sergeant Major, U.S. Marine Corps, Appellant.**

No. 96–0841.
Crim.App. No. 94–2027.

U.S. Court of Appeals for
the Armed Forces.

Argued Dec. 2, 1997.

Decided March 12, 1998.

For Appellant: *Lieutenant Estela I. Velez,* JAGC, USNR (argued); *Major R.K. Stutzel,* USMC.

For Appellee: *Lieutenant Commander Nancy Blankenship Jones,* JAGC, USN (argued); *Colonel Charles Wm. Dorman,* USMC, and *Commander D.H. Myers,* JAGC, USN (on brief).

## Opinion of the Court

GIERKE, Judge:

A general court-martial composed of officer and enlisted members convicted appellant, contrary to his pleas, of carnal knowledge, in violation of Article 120, Uniform Code of Military Justice, 10 USC § 920. The adjudged and approved sentence provides for a bad-conduct discharge and reduction to the lowest enlisted grade. The Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion. This Court granted review of the following issues:

### I

WHETHER THE NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS ERRED IN AFFIRMING APPELLANT'S CONVICTION WHEN APPELLANT'S CIVILIAN DEFENSE COUNSEL FAILED TO FILE PLEADINGS WITH THE LOWER COURT, DESPITE APPELLANT'S CONTINUAL REQUESTS TO DO SO.

### II

WHETHER APPELLANT WAS PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS CIVILIAN DEFENSE COUNSEL FAILED TO OBEY THIS COURT'S MANDATE IN *UNITED STATES V. GROSTEFON,* 12 MJ 431 (CMA 1982), AND FILE A TIMELY PLEADING ON APPELLANT'S BEHALF.

In addition, this Court specified the following issue:

WHETHER MILITARY APPELLATE DEFENSE COUNSEL, AS PART OF THE DEFENSE TEAM, TOOK APPROPRIATE ACTION TO EFFECTIVELY REPRESENT APPELLANT IF CIVILIAN COUNSEL WAS INEFFECTIVE AND MILITARY COUNSEL KNEW OF OR REASONABLY ANTICIPATED THAT DEFICIENCY.

### *Factual Background*

The facts are not in dispute. At the time of his court-martial, appellant was a Sergeant Major in the United States Marine Corps. He had served honorably for 26 years and was eligible for military retirement.

After the trial, Mr. Kevin McDermott, the civilian defense counsel who had represented appellant at the court-martial, prepared a recitation of legal errors. Major (Maj) Sean Freeman, USMC, who was detailed military counsel for post-trial matters, submitted Mr. McDermott's allegations of legal errors, as well as a clemency petition, in accordance with RCM 1105, Manual for Courts–Martial, United States (1995 ed.). The alleged legal errors were (1) that prosecution was barred by the statute of limitations; (2) that trial counsel improperly commented on appellant's failure to present evidence after that evidence had been excluded because of prosecution objections; and (3) insufficiency of the evidence. The clemency petition recited appellant's lengthy military service and requested that the bad-conduct discharge be suspended and that appellant be allowed to retire as a Gunnery Sergeant (E–7). The

convening authority approved the findings and sentence as adjudged.

The case was docketed with the Court of Criminal Appeals on January 13, 1995. Lieutenant (LT) D. Jacques Smith, JAGC, USNR, was assigned as appellate defense counsel for appellant in accordance with Article 70, UCMJ, 10 USC § 870. In addition, appellant retained Mr. George Kripner to represent him before the Court of Criminal Appeals and paid him a retainer of $2,500. Appellant informed LT Smith that he wanted Mr. Kripner to act as lead appellate counsel and to file the brief on his behalf.

On September 7, 1995, appellant sent Mr. Kripner an additional $3,000. In early October 1995, LT Smith informed appellant that he had experienced difficulty contacting Mr. Kripner since August and that he was prepared to file a brief on appellant's behalf by mid-November if he had not heard from appellant or Mr. Kripner. In October, Mr. Kripner called appellant and LT Smith and told them that the brief was being prepared. Before October 1995, LT Smith had filed six requests for enlargement of time to file appellant's brief. He filed a seventh request for enlargement on October 6, 1995, and the due date for the defense brief was extended to November 10. On November 7, 1995, LT Smith requested an eighth enlargement of time to file. The court granted this request, extended the filing date to December 10, and ordered military counsel to "notify the civilian counsel by certified mail that further enlargements will not be favorably received, absent extraordinary circumstances." The court also ordered military counsel to "prepare to file assignments of error with this court by 10 December 1995 independent of any assistance or guidance by civilian counsel."

In November LT Smith informed appellant that he was being transferred and that Maj Stutzel would be the new appellate counsel. LT Smith was reassigned on November 30, 1995.

In early December Maj Stutzel told appellant that he had been unable to contact Mr. Kripner and that he would be unable to familiarize himself with the case and file a brief by December 10. Appellant informed Maj Stutzel that he still wanted Mr. Kripner to file the brief because he had already paid him to do so. Appellant contacted Mr. Kripner, who said that he needed more time.

On December 8, 1995, Maj Stutzel was informed that Mr. Kripner had contacted Colonel (Col) Ouellette, the Assistant Judge Advocate General for Military Justice, and requested an additional 10 days to file a brief. Col Ouellette informed both government and defense appellate counsel of the request and told them to handle it. Maj Stutzel prepared another request for enlargement, the ninth, until December 29. This request declared, "No further enlargements will be requested." It was signed and submitted by Commander Cooper, Chief, Appellate Defense Division.[1]

Maj Stutzel went on leave between Christmas and New Years Day, but he designated another military lawyer, LT Ahmad, as a point of contact and informed Mr. Kripner. On December 29, LT Ahmad called Maj Stutzel and informed him that Mr. Kripner had contacted him and said he needed more time. CDR Cooper submitted another request for enlargement, the tenth, requesting that the filing date be extended until January 5, 1996, the date when Mr. Kripner had indicated that he would be able to file the brief. This request for enlargement was denied on January 2, 1996.

Maj Stutzel called Mr. Kripner's office on January 3 and 4 and left messages. On January 5, Mr. Kripner returned Maj Stutzel's call and said that he was having trouble getting the brief typed and that he would send the brief via facsimile around January 10, along with a motion to file out of time. Maj Stutzel told appellant what Mr. Kripner had said. Maj Stutzel called Mr. Kripner repeatedly after January 5, but none of his calls were returned. No brief from Mr. Kripner or military appellate defense counsel was ever filed.

---

1. Filing a pleading constituted a notice of appearance under Rule 13, Courts of Criminal Appeals Rules of Practice and Procedure. *See* 22 MJ at CXXXIII and 44 MJ at LXVIII.

On March 5, 1996, the court decided appellant's case without any defense briefs, resolving all issues against appellant and affirming the findings and sentence. No petition for reconsideration or other pleadings were filed on appellant's behalf before the Court of Criminal Appeals after its decision on March 5. A petition for review by this Court was filed on May 7, 1996, and was granted on February 7, 1997.

### Discussion

Article 70 requires the Judge Advocate General to designate "one or more commissioned officers" who are qualified under Article 27(b)(1) [2] as appellate defense counsel. In addition, an appellant has the right to be represented by "civilian counsel if provided by him." Art. 70(d). If, as in this case, appellant retains civilian counsel and designates that counsel as lead counsel, then military appellate counsel perform duties as assigned by lead counsel. *See United States v. Tavolilla*, 17 USCMA 395, 38 CMR 193 (1968) (describing authority of chief defense counsel to designate duties of assistants). The standards for measuring the performance of appellate defense counsel are the same as those for trial defense counsel. *United States v. Hullum*, 15 MJ 261, 267 (CMA 1983). Where an appellant is represented by both civilian counsel and detailed military counsel, the performance of counsel is measured by the combined efforts of the defense team as a whole. *United States v. Boone*, 42 MJ 308, 313 (1995).

In *United States v. Grostefon*, 12 MJ 431, 436 (CMA 1982), this Court established a requirement "that when the accused specifies error in his request for appellate representation *or in some other form*, the appellate defense counsel will, at a minimum, invite the attention of the Court of Military Review[3] to those issues." (Emphasis added.) The *Grostefon* requirement is not based on the Sixth Amendment right to counsel, but instead is based on Articles 66 and 70.[4] *United States v. Arroyo*, 17 MJ 224, 226 (CMA 1984). Where an appellant tells appellate defense counsel that the conviction is not supported by the evidence, *Grostefon* requires that that assertion be brought to the attention of the court. *United States v. Tyler*, 34 MJ 293 (CMA 1992).

Although Courts of Criminal Appeals have a broad mandate to review the record unconstrained by an appellant's assignments of error, that broad mandate does not reduce the importance of adequate representation. As we said in *United States v. Ortiz*, 24 MJ 323, 325 (CMA 1987), independent review is not the same as competent appellate representation. An appellant who is denied counsel is forced to proceed "without a champion on appeal." *Douglas v. California*, 372 U.S. 353, 356, 83 S.Ct. 814, 816, 9 L.Ed.2d 811 (1963). Denial of appellate counsel is presumptively prejudicial. *Penson v. Ohio*, 488 U.S. 75, 88, 109 S.Ct. 346, 354, 102 L.Ed.2d 300 (1988).

In some cases, the facts of the case and the appellant's service record may require a conclusion that failure to challenge the appropriateness of the sentence before the Court of Criminal Appeals constituted ineffective assistance of counsel. *Compare Hullum*, 15 MJ at 267–68 (counsel ineffective) *with United States v. Baker*, 28 MJ 121, 123 (CMA 1989) (counsel not ineffective).

Where, as in this case, appellate counsel do nothing, an appellant has been effectively deprived of counsel, and prejudice is presumed. Where individual civilian counsel's failure to act is working to the detriment of an appellant, military appellate counsel may not stand by idly, because they remain responsible for protecting the interests of their client.

Several things went wrong in this case. Most obviously, civilian counsel failed to act. Appellant understandably continued to insist that Mr. Kripner file a brief. Appellant had paid for an appellate brief and expected to get what he paid for.

The court below recognized what was happening and directed military appellate coun-

---

2. UCMJ, 10 USC § 827(b)(1).

3. *See* 41 MJ 213, 229 n. * (1994).

4. UCMJ, 10 USC §§ 866 and 870.

sel to notify Mr. Kripner in writing that further enlargements probably would not be granted. There is nothing in the record showing compliance with this order.

The court below also ordered military counsel to prepare to file assignments of error by December 10, 1995. Neither CDR Cooper nor Maj Stutzel filed anything except another request for enlargement.

Although Maj Stutzel communicated with appellant, it appears that communication was limited to Mr. Kripner's timetable for filing a pleading. The affidavits reflect no communication with appellant about complying with the court order, and no discussion or decision about what Maj Stutzel, CDR Cooper, or appellant would do if Mr. Kripner failed to file a pleading by December 10.

Paragraph 1c of Enclosure 4 to JAGINST 5803.1A (13 July 92) prescribes certain actions to be taken by military counsel when civilian counsel is deficient, derelict, or unethical.[5] The record does not reflect that the JAGINST was followed in this case.

The record reflects no disagreement among appellant and his counsel about issues to be presented to the appellate courts. Appellant had identified three legal issues and challenged the appropriateness of his sentence in his submissions to the convening authority. The only question was who would present the appellate issues to the court. The record reflects no desire by appellant to excuse his military appellate counsel, but only his desire that Mr. Kripner be lead counsel. Thus, if Mr. Kripner failed to file his brief on time, the options were:

(1) A *pro se* pleading filed by appellant, with the assistance of military appellate counsel unless appellant rejected such assistance; and a pleading filed by military appellate counsel explaining why a *pro se* pleading was being filed;

(2) A *pro se* pleading filed by appellant without assistance of military counsel; and a pleading filed by military appellate counsel explaining why a pro se pleading was being filed;

(3) A pleading filed by military appellate counsel in compliance with the court order, with the consent of appellant; or

(4) A pleading filed by military appellate counsel over appellant's objection, reciting appellant's objection to the pleading and stating whether appellant desired military appellate counsel to continue his representation.

As officers of the court as well as appellate defense counsel, military counsel had an obligation to comply with court orders and protect the interests of their client. The order of the court below clearly contemplated that someone would file assignments of error in the absence of a pleading from Mr. Kripner, notwithstanding appellant's desire to have Mr. Kripner prepare and file a brief.

Inexplicably, the court below did nothing to enforce its order. When the court denied the tenth request for enlargement, it made no reference to its previous directive that military appellate counsel be prepared to file assignments of error by December 10, independent of civilian counsel's assistance or guidance. The court did not insist on compliance with *Grostefon*, even though appellant had raised three legal errors and challenged the appropriateness of his sentence in posttrial submissions. Instead, the court below simply decided the case without assistance of counsel. This was error.

We hold that appellant has been denied the assistance of counsel guaranteed by Article 70 and the plenary review contemplated by Article 66. Accordingly, a remand is required.

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is

---

5. Paragraph 1c, Enclosure 4, JAGINST 5803.1A, provides as follows:

If civilian counsel has, in the opinion of the DON [Department of the Navy] attorney, acted contrary to the Rules, the matter should first be discussed with civilian counsel. If not resolved between counsel, the client must be informed of the matter by the DON attorney. If, after being apprised of possible misconduct, the client approves of the questioned conduct, the judge advocate shall attempt to withdraw from the case in accordance with Rule 1.16. The client shall be informed of such intent to withdraw prior to action by the judge advocate.

set aside. The record of trial is returned to the Judge Advocate General of the Navy for remand to that court for plenary review, with assistance of counsel under Article 70. Thereafter, Article 67 [6] will apply.

6. UCMJ, 10 USC § 867 (1994).

Chief Judge COX and Judges SULLIVAN, CRAWFORD, and EFFRON concur.