Chief Judge EFFRON delivered the opinion of the Court.
A special court-martial composed of a military judge sitting alone convicted Appellant, pursuant to his pleas, of willful dereliction of duty and the use of cocaine, in violation of Articles 92 and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 912a (2000). The sentence adjudged by the court-martial included a bad-conduct discharge, confinement for four months, and reduction to the lowest enlisted grade. The convening authority, pursuant to a pretrial agreement, approved that portion of the sentence that provided for a bad-conduct discharge, confinement for three months, and reduction to the lowest enlisted grade.
The case was transmitted to the United States Air Force Court of Criminal Appeals for mandatory review under Article 66, UCMJ, 10 U.S.C. § 866 (2000), with a submission by defense counsel due on November 14, 2006. At appellate defense counsel’s request, the court granted three enlargements of time. On March 14, 2007, the court denied appellate defense counsel’s request for a fourth enlargement. On August 28, 2007, appellate defense counsel submitted a motion to reconsider that denial and provide an additional sixty days to submit a brief on Appellant’s behalf. The court denied the motion on August 30, 2007. See United States v. Roach, No. ACM S31143, 2007 CCA LEXIS 402, at *2, 2007 WL 2790660, at *1 (A.F.Ct. Crim.App. Sept. 13, 2007) (per curiam) (unpublished).
On September 13, 2007, the Court of Criminal Appeals issued a decision affirming the findings and sentence as approved by the convening authority. Id. at *9, 2007 WL 2790660, at *3-*4. On Appellant’s petition, we granted review in light of United States v. May, 47 M.J. 478 (C.A.A.F.1998) (regarding proceedings in the Courts of Criminal Appeals when appellate defense counsel had not provided a submission on the merits of the case).[1] For the reasons set forth below, we set aside the decision of the Air Force Court of Criminal Appeals and remand this case for further consideration.
*412 I. MILITARY APPELLATE REVIEW AT THE COURT OF CRIMINAL APPEALS
A. UNIQUE RESPONSIBILITIES UNDER ARTICLES 66 AND 70
Although the military justice system incorporates civilian criminal law practices in important respects, see, e.g., Article 36, UCMJ, 10 U.S.C. § 836 (2000), Congress in the UCMJ has preserved many of the historic aspects of military law. Appellate review in the Courts of Criminal Appeals, for example, embodies the traditional affirmative responsibility of military reviewing authorities to conduct mandatory, de novo review of court-martial proceedings. See Daniel T. Ghent, Military Appellate Processes, 10 Am.Crim. L. Rev. 125, 125 (1971) (comparing appellate procedures among military and civilian courts); Delmar Karlen, Civilian and Military Justice at the Appellate Level, 3 Wis. L. Rev. 786, 787 (1968) (same); William F. Frateher, Appellate Review in American Military Law, 14 Mo. L. Rev. 15, 59-64 (1949) (describing appellate review in the military justice system prior to enactment of the UCMJ).
In the Article III courts, the responsibility in a criminal ease for initiating a timely appeal, paying costs and fees, obtaining a transcript, and retaining counsel rests with the party seeking review. See, e.g., Fed. R.App. P. 3, 4(b), 10, 11. Provision of counsel on appeal at government expense and waiver of costs and fees occur only in the case of an indigent party. See 18 U.S.C. § 3006A(b), (d)(7) (2000); 3 Wayne R. La-Fave et al., Criminal Procedure §§ 11.1(a), 11.2(b) (3d ed.2007). The courts of appeals on direct review focus on issues of law, with the burden generally on the appellant to demonstrate prejudicial error. See, e.g., Fed.R.Crim.P. 52; 18 U.S.C. § 3742 (2000).
Proceedings in the Courts of Criminal Appeals differ from civilian appeals in three significant respects. First, review is mandatory. The Judge Advocate General must submit each case of the type at issue in the present appeal to the court unless the accused affirmatively waives the appeal. See Article 66(b), UCMJ.
Second, the Judge Advocate General must provide government-furnished appellate counsel to the accused, regardless of indigence, on request of the accused, or when the government is represented on appeal by counsel. See Article 70, UCMJ, 10 U.S.C. § 870. The report accompanying enactment of Article 70, UCMJ, observed that such representation would “assure that the accused’s case will be thoroughly considered.” H.R.Rep. No. 81-491, at 33 (1949), as reprinted in 1950 U.S.C.C.A.N. 2220, 2256.
Third, the scope of review by the Courts of Criminal Appeals differs in significant respect from direct review in the civilian federal appellate courts. See United States v. Crider, 22 C.M.A. 108, 110-11, 46 C.M.R. 108, 110-11 (1973). In addition to reviewing the case for legal error in a manner similar to other appellate courts, see Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2000), Congress has provided the Courts of Criminal Appeals with “plenary, de novo power of review” and the ability to “ ‘determine! ], on the basis of the [entire] record’ which findings and sentence should be approved.” United States v. Cole, 31 M.J. 270, 272 (C.M.A.1990) (citation omitted). In that regard, the court conducts a de novo review under Article 66(c) of the facts as part of its responsibility to make an affirmative determination as to whether the evidence provides proof of the appellant’s guilt of each offense beyond a reasonable doubt. United States v. Turner, 25 M. J. 324, 324-25 (C.M.A.1987). The court also conducts a de novo review of the sentence under Article 66(c) as part of its responsibility to make an affirmative determination as to sentence appropriateness. See United States v. Baier, 60 M.J. 382, 384-85 (C.A.A.F.2005) (discussing the requirement that the Courts of Criminal Appeals independently determine the sentence appropriateness of each case they affirm). The reports accompanying the enactment of the UCMJ identified the unique powers established under Article 66 as responding to significant deficiencies in the operation of the military justice system during World War II, particularly with respect to sentence disparities. See H.R.Rep. No. *413 81-491, at 31-32 (1949), as reprinted in 1950 U.S.C.C.A.N. 2220, 2253-54; see also Fratcher, 14 Mo. L. Rev. at 55-56, 59-60 (describing concerns growing out of the World War II experience).
B. THE RELATIONSHIP BETWEEN THE APPELLATE REVIEW UNDER ARTICLE 66 AND APPELLATE REPRESENTATION UNDER ARTICLE 70
Two cases illustrate the responsibilities of the Courts of Criminal Appeals when presented with a case in which defense counsel have not submitted a filing on the merits of the appeal. In United States v. Bell, 11 C. M.A. 306, 309, 29 C.M.R. 122, 125 (1960), the relationship between the appellant and his two detailed military defense counsel deteriorated to the point where the appellant asked the Board of Review (as the Courts of Criminal Appeals were then denominated) to appoint new counsel, and counsel asked the Board for permission to withdraw. Before acting, the Board asked the Office of the Judge Advocate General whether other counsel would be appointed to replace the assigned counsel. Id. at 309, 29 C.M.R. at 125. When the Board was informed that no other counsel would be appointed, the Board “relieved the officers of the assignment and, without timely notice to the accused, proceeded to hear and decide the matter.” Id.
The opinion in Bell noted that the responsibility for appointing appellate counsel rested with the Judge Advocate General under Article 70, UCMJ, but that the authority to control the ease rested with the court. Id. at 309-10, 29 C.M.R. at 125-26. The opinion recognized that if an accused “becomes unreasonable in his demands, he may forfeit his right to any assistance,” but that the Board of Review had not reached any conclusion in that regard. Id. at 309, 29 C.M.R. at 125. The opinion also emphasized that the Board had a number of options in the event of disagreement between counsel and client, including: (1) direction for both client and counsel to separately file their assignments of error; and (2) a requirement for the Judge Advocate General to appoint substitute counsel as a predicate to further appellate proceedings. Id. at 309-10, 29 C.M.R. at 125-26. If the accused unreasonably refused to proceed with assigned or substitute counsel, the opinion observed that the Board of Review should stay the proceedings “for a period adequate to allow service upon the accused of the order permitting counsel to withdraw, and giving him sufficient time to meet the new situation.” Id. at 310, 29 C.M.R. at 126. The opinion added: “In the order releasing counsel, there should be included a notice that different military counsel will not be made available to accused and he must either represent himself or obtain civilian counsel.” Id. After noting that the Board did not explore the alternatives or provide the appellant with appropriate notice, the opinion concluded that the case should be returned to the Board of Review for further proceedings with counsel appointed to represent the appellant. Id. at 311, 29 C.M.R. at 127.
United States v. May, 47 M.J. 478 (C.A.A.F.1998), further illustrates the relationship between mandatory review under Article 66 and the requirement for the government to provide appellate counsel under Article 70. In May, the defense appellate team consisted of civilian counsel obtained by the appellant at his own expense and government-furnished military appellate counsel. Id. at 480. The civilian counsel, who served as lead counsel, undertook the responsibility for preparing a brief. Id. While awaiting civilian counsel’s preparation of the brief, military counsel filed seven requests for enlargement with the Court of Criminal Appeals, which were granted. In the course of granting an eighth request for enlargement, the Court of Criminal Appeals ordered military appellate defense counsel to notify civilian defense counsel that further requests would not be favorably considered absent extraordinary circumstances. Id. The court also ordered military appellate defense counsel to prepare to file assignments of error with the court by a date certain “ ‘independent of any assistance or guidance by civilian counsel.’” Id. In the meantime, further communications involving the appellant, various military defense counsel, and civilian defense counsel led to additional requests for *414 enlargement, but no filing of a substantive brief. Id. Two months after denying a request for enlargement, the Court of Criminal Appeals issued a decision affirming the findings and sentence. Id. at 481.
On appeal, we considered a number of issues, including whether the lower court acted properly under the circumstances of the case. We made the following observations regarding the powers of the Courts of Criminal Appeals and the role of counsel: “Although Courts of Criminal Appeals have a broad mandate to review the record unconstrained by an appellant’s assignments of error, that broad mandate does not reduce the importance of adequate representation.” Id. We also noted that “[w]here individual civilian counsel’s failure to act is working to the detriment of an appellant, military appellate counsel may not stand by idly, because they remain responsible for protecting the interests of their client.” Id. We added: “As officers of the court as well as appellate defense counsel, military counsel had an obligation to comply with court orders and protect the interests of their client.” Id. at 482. In that regard, we observed that military appellate counsel could have pursued a number of options to fulfill their obligations to the court and their client in the event that civilian counsel did not make a timely filing. Id. Each of these options would have provided the court with a filing on the merits, including the appellant’s views, the position of military appellate defense counsel, and pertinent explanatory material regarding the posture of the case. Id.
In addition to describing the failure of military defense counsel to take appropriate action, we noted: “Inexplicably, the court below did nothing to enforce its order” that military defense counsel file an assignment of merits by a date certain. Id. In that context, we concluded that the Court of Criminal Appeals erred in deciding the ease “without assistance of counsel” and “that appellant has been denied the assistance of counsel guaranteed by Article 70 and the plenary review contemplated by Article 66.” Id. We remanded the case to the Court of Criminal Appeals “for plenary review, with assistance of counsel under Article 70, UCMJ.” Id. at 483.
II. APPELLATE CONSIDERATION
A. PROCEEDINGS BEFORE THE COURT OF CRIMINAL APPEALS
The convening authority took action in this case on August 7, 2006. After the case was transmitted to the Court of Criminal Appeals for mandatory review, pursuant to Appellant’s request for representation made on the day of his trial, Captain (Capt) D was appointed to represent Appellant as military appellate defense counsel.
1. The first two requests for enlargement
On November 14, 2006, appellate defense counsel filed a motion for a first enlargement of time, which the lower court granted, establishing a January 13, 2007, filing deadline. On January 16, 2007, appellate defense counsel filed a motion for a second enlargement of time until February 15, 2007, accompanied by a further motion to submit the enlargement request out of time. The lower court granted the second enlargement on January 17, 2007.
2. The third request for an enlargement, accompanied by an alternative request for specified sentence relief
On February 15, 2007, appellate defense counsel filed a motion for a third enlargement. The motion was signed by both Capt D as “Appellate Defense Counsel” and Lieutenant Colonel (Lt Col) S as “Chief Appellate Defense Counsel.” The third submission requested an enlargement of 120 days until June 15, 2007. To justify an enlargement beyond the thirty-day period provided under Rule 24.1(b) of the court’s rules, the motion stated that counsel “will likely not be able to complete a competent review of Appellant’s case within the next thirty days.” The motion cited the “demands of previously docketed cases in the Court of Appeals for the Armed Forces and this Honorable Court [as] precluding] earlier consideration of Appellant’s case.”
*415 Under the heading “The steps counsel will take to ensure that their brief is filed on or before the date requested,” the motion stated that counsel “presently has over 20 cases pending initial assignments of error before this Honorable Court that were initially docketed before Appellant’s.” The motion promised that counsel “will make every diligent effort to ensure that Appellant’s brief is filed on or before the date requested.” In that regard, the motion stated that such efforts would include “completing a review of the record of trial, conducting research, and accomplishing any investigation required to resolve a meritorious issue.”
The motion also indicated that further requests for enlargement might be forthcoming “given counsel’s current workload, and that of the entire division.” In addition, the defense requested alternative relief in the form of the options described in United States v. Moreno, 63 M.J. 129, 143 (C.A.A.F.2006), if the court viewed an enlargement as involving unreasonable delay.
In response to the motion, the Court of Criminal Appeals issued an order on March 2, 2007, providing a limited extension until March 15, with specific requirements. As a predicate for its action, the court observed:
The sole basis for the delay requested by the appellant’s counsel appears to be the fact that counsel has other cases pending on his docket that were received prior to the appellant’s case. Counsel has not, however, related any information concerning these other cases that would justify further delay in this case.
After noting that counsel had declined to advise the court as to the views of Appellant on the request for enlargement, the order stated:
The Court is unable to determine, on the record before us, that the appellant has been apprised of the status of his case or that he desires any additional time for the filing of his brief. Further, we are unconvinced that the appellant’s interests are served by permitting this case to languish while others are processed.
In the course of granting a limited enlargement of time to March 15, the court emphasized that any further requests for time must contain all information required by the court’s rules. See A.F. Ct.Crim.App. R. 24.1(b)(2)-(3).
3. The fourth request for an enlargement, accompanied by an alternative request for specified sentence relief
On March 12, 2007, appellate defense counsel filed a motion for a foxxrth enlargement of time for a period ending May 14, 2007. As with the prior defense filing, the motion was signed by both Capt D as “Appellate Defense Counsel” and Lt Col S as “Chief Appellate Defense Counsel.” The motion noted that counsel had responsibility for over ten cases filed prior to Appellant’s case. In all other pertinent respects, the motion repeated verbatim the matter previously offered by counsel for the third exxlargement: that counsel would not likely complete review within the next thirty days, that counsel woxxld take action to complete the case, and that counsel’s workload and the workload of the division might require a further extension. In addition, counsel requested relief under Moreno if the court viewed the request for enlargement as involving an unreasonable delay. The motion did not respond to the court’s observation, in its March 2 order, that counsel had failed to offer an adequate justification for an enlargement. On March 14, 2007, the court denied Appellant’s motion for an enlargement.
4. Appellant’s motion to reconsider the order denying the fourth request for enlargement
Over the next five months, the court issued no fixrther orders, and the defense made no further filing. On August 23, 2007, appellate defense counsel filed a motion out of time asking the court to reconsider its March 14, 2007, order denying the defense request for an enlargement of time to submit an assignment of errors, and to grant an enlargement of sixty days, lasting until October 21, 2007. As with the prior defense filings, the motion was signed by both Capt D as “Appellate Defense Counsel” and Lt Col S as “Chief Appellate Defense Counsel.” The filing not *416 ed that Appellant consented to the motion for enlargement. The filing stated that counsel was responsible for “approximately 4 cases pending initial assignments of error prioritized before Appellant’s.” The filing also stated that counsel “will likely not be able to complete a competent review of Appellant’s case within the next thirty days.” The filing added that the “demands of previously docketed cases in the Court of Appeals for the Armed Forces and this Honorable Court have precluded earlier consideration of Appellant’s case.” The filing further noted that the “case potentially contains several issues.” In that regard, the filing stated: “Specifically, Appellant believes that his counsel may have been ineffective during the post-trial stages of the case, and also challenges the trial counsel’s qualifications to serve on the prosecution team.”
The Air Force Court of Criminal Appeals denied Appellant’s motion on August 30, 2007. In the order denying the motion, the court summarized the history of the ease and stated: “[T]he facts remain the same. The record is 81 pages in length and the case involves a two specification guilty plea in a Military Judge alone ease.” The court further noted that it had already “begun review of this ease, therefore a delay till [sic] October is inappropriate.” The court added that if appellate defense counsel filed a brief prior to its action, it would be considered.
B. THE DECISION OF THE COURT OF CRIMINAL APPEALS
On September 13, 2007, the Air Force Court of Criminal Appeals issued an opinion affirming the findings and sentence. Roach, 2007 CCA LEXIS 402, at *9, 2007 WL 2790660, at *3-*4. The court stated that “[l]engthy delays in reaching final resolution on adjudged punitive discharges in straightforward cases such as this case do not serve either the interests of the accused or the interests of the Air Force. Therefore this Court is taking action sans a brief [sic] appellate counsel.” Id. at *3, 2007 WL 2790660, at *1 The court explained that after denying appellate defense counsel’s request for a fourth enlargement of time on March 14, 2007, the court “completed its review in the normal course of appellate review based upon the Court’s workload and the Rules of Practice and Procedure.” Id. at *2, 2007 WL 2790660, at *1.
The court stated that it could not discern whether the failure of appellate defense counsel to file a brief was due to “deficiency of counsel, a strategy to create an issue, or a delay tactic for the benefit of their client.” Id. at *7-*8, 2007 WL 2790660, at *3. The court concluded that the interplay between Article 66, UCMJ, and the court’s own rules of practice and procedure meant that if defense counsel did not file a brief, the court could presume the case was submitted on the merits. Id. at *7, 2007 WL 2790660, at *3.
The court conducted its own review of the record of trial and discussed two issues in Appellant’s case. First, with respect to the failure of the assistant trial counsel to take the oath required by Article 42, UCMJ, 10 U.S.C. § 842 (2000), the court concluded that the error was not jurisdictional, nor did it materially affect the substantial rights of the accused. Id. at *4-*6, 2007 WL 2790660, at *2. The court also rejected Appellant’s argument that trial defense counsel erred in failing to raise this technical issue in Appellant’s clemency petition. Id. at *6, 2007 WL 2790660, at *2.
Second, the court discussed whether appellate defense counsel’s failure to file a timely brief constituted ineffective assistance of counsel. Id. at *6-*8, 2007 WL 2790660, at *3. The court explained that it considered the ease submitted on the merits despite counsel’s failure to submit a brief, and concluded that submitting the case on its merits did not fall “ ‘below an objective standard of reasonableness’ ” under Strickland v. Washington, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Id. The court further held that even if counsel’s performance was deficient in not filing a brief, the error was not prejudicial because Appellant still received the benefit of the appellate process. Id. at *8, 2007 WL 2790660, at *3 (citing Roe v. Flores-Ortega, 528 U.S. 470, 484, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000)). The court noted that because it had conducted an Arti *417 cle 66, UCMJ, review and found no errors, Appellant was not prejudiced by appellate defense counsel’s failure to file a brief in the context of a brief record and Appellant’s guilty plea. Id. at *6-*8, 2007 WL 2790660, at *8. Accordingly, the court approved the findings and sentence.
C. FURTHER FILINGS REGARDING THE PROCEEDINGS BEFORE THE COURT OF CRIMINAL APPEALS
On September 17, 2007, Appellant submitted a petition for grant of review by this Court signed on his behalf by Capt D. All subsequent submissions by the defense were filed by appellate defense counsel different from the counsel who had represented Appellant before the Court of Criminal Appeals. The new appellate defense counsel submitted the petition supplement on October 17, 2007. The defense petition supplement asserted that if the defense had submitted a brief before the lower court issued its opinion, the defense would have raised two issues:
(1) whether the military judge erred by accepting his plea of guilty to the willfullness component of Charge II in light of the military judge’s failure to explain to him the potential voluntary intoxication defense; and (2) whether the enormous disparity between his sentence and that of his co-actor, A1C Neff, warranted reduction of Appellant’s sentence.
Appellant asserted that his sentence, which included a bad-conduct discharge, was inappropriate because his alleged “co-accused” did not receive a punitive separation. The sentence appropriateness issue had not been raised by appellate defense counsel in any of the submissions to the court below. Subsequently, Appellant submitted a further issue pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A.1982), asserting that the convening authority erred by failing to grant Appellant’s supplemental clemency request seeking release from confinement following his wife’s miscarriage. United States v. Roach, 66 M.J. 109, 110 (C.A.A.F.2008) (granting motion).
The defense subsequently filed affidavits from both of the counsel who had represented Appellant before the Court of Criminal Appeals. Roach, 66 M.J. at 110 (granting defense motion to attach). Capt D stated in his affidavit: “Due to my caseload and my prioritization of my eases, I never read the transcript in the Roach case.” Lt Col S, who identified himself as the person responsible for supervising and assigning counsel within the Appellate Defense Division, stated: “I did not, and have not now, read the record of trial.” Neither affidavit offered any further explanation for the five-month period of inactivity after the lower court’s order denying the request for a fourth enlargement or for the decision not to give priority attention to Appellant’s case in light of the orders issued by the lower court. Neither affidavit asserted that CPT D, as counsel, requested additional assistance to ensure a timely filing, or that Lt Col S, as supervisory counsel, lacked sufficient resources to provide such assistance. The defense also subsequently filed an affidavit from Colonel M, an Air Force Reservist, who stated that she had been given the record to review sometime between August 20, 2007 and August 23, 2007. She stated that she had not read the record before she learned that the lower court had decided the case. United States v. Roach, 66 M.J. 410 (C.A.A.F.2008) (Apr. 24, 2008 order granting defense motion to attach).
III. DISCUSSION
Appellant requested representation under Article 70, UCMJ, on the day of his court-martial. Over the next year, counsel appointed to represent him under Article 70 not only failed to file a brief on his behalf under Article 66, they also failed to provide the Court of Criminal Appeals with timely or informative explanations for their inaction. Appellate defense counsel’s filings consisted of rote comments about first-in-first-out prioritization, reference to the number of pending cases unaccompanied by any explanation as to the significance of those numbers, and vague references to the workload of defense counsel and the work of the division without any information demonstrating that the entire Appellate Defense Division was ineapa *418 ble of providing timely appellate representation.
The actions and omissions were taken at a time when Appellant was represented by an attorney who was under the direct supervision of the Chief Appellate Defense Counsel. According to the affidavits filed by both counsel, neither one read the record of trial in this case during the entire period that it was under consideration by the Court of Criminal Appeals, a case involving a guilty plea in which the transcript of the three hour trial consisted of eighty-one pages, with no defense motions before, during, or after trial.
The decisions in Bell and May reflect our understanding that the Courts of Criminal Appeals have broad powers to issue orders to counsel to ensure the timely progress of cases reviewed under Article 66. May, 47 M.J. at 481-82; Bell, 11 C.M.A. at 309, 29 C.M.R. at 125. These cases also underscore that such actions must be taken in a manner consistent with the requirements of Article 70, UCMJ. May, 47 M.J. at 481; Bell, 11 C.M.A. at 309-10, 29 C.M.R. at 125-26. When counsel appears to be unresponsive, the court has a variety of actions it may take, including: (1) holding a status conference with the parties to inquire into the reason for the delay in filing; (2) ordering appellate defense counsel to show cause as to why they could not file their brief on time; (3) warning counsel that flagrant disregard of the court’s rules for timely filing of briefs could result in suspension or disbarment from practice before the court; (4) asking the Judge Advocate General to direct the assignment of additional or substitute counsel; or (5) appointing another member of the bar to represent the appellant on a pro bono basis. See May, 47 M.J. at 482; United States v. Ortiz, 24 M.J. 323, 325 (C.M.A. 1987); Bell, 11 C.M.A. at 309-10, 29 C.M.R. at 125-26.
Such actions are particularly important when it is unclear, as in this case, whether the failure to file a brief is a result of (1) appellate defense counsel’s individual inability or unwillingness to familiarize himself with the case prior to the filing deadline, (2) appellate defense counsel’s unwillingness to file a brief raising substantive issues, (3) staffing shortages in the Appellate Defense Division, (4) improper supervision of the Appellate Defense Division, or (5) a deliberate tactical decision by appellate defense counsel not to file the brief in order to create an appellate issue.
Irrespective of the reason for not filing a brief, however, our cases underscore that when an appellant has requested representation that does not appear to be forthcoming, the court must ensure that military counsel are performing their primary obligation “to comply with court orders and protect the interests of [the] client.” See May, 47 M.J. at 482. Although the Courts of Criminal Appeals have a de novo power to review the merits of cases, they do not possess a duty of loyalty to the client or a duty to zealously represent the interests of the client. These duties help underpin the rigor and validity of the adversarial process of justice. Moreover, it is in drafting a brief that counsel will often identify issues and formulate arguments to bring to the court’s attention. If the court determines that circumstances warrant proceeding without a brief filed by appointed military appellate counsel, the court must first provide adequate notice to the appellant so that the appellant can determine whether to request substitute counsel under Article 70, obtain civilian counsel at the appellant’s expense, or waive the right to counsel and proceed pro se. See, e.g., Bell, 11 C.M.A. at 310, 29 C.M.R. at 126. The one aspect of this record that is clear is that the court below proceeded to decide Appellant’s case without providing such notice. In so doing, the lower court assumed the existence of a merits submission and proceeded to decide the case without the requisite notice to Appellant. Where appellate defense counsel made multiple requests for extension of time and those filings raised substantive issues of concern, the lower court erred in presuming a merits submission. Cf. United States v. Adams, 59 M.J. 367, 371 (C.A.A.F.2004) (concluding that the appellant was not unrepresented because counsel had made the deliberate decision to submit the case on its merits).
*419 Although we understand the lower court’s concern about the circumstances related to timely appellate review, there is no indication on the record that Appellant personally bears any responsibility for these circumstances of concern. Moreover, as we noted in Bell, even when difficulties in the relationship between Article 70 counsel and an appellant may be attributable to an appellant, the appellant must still be given a reasonable opportunity to proceed in an alternative fashion with substitute counsel, retained counsel, or pro se. Bell, 11 C.M.A. at 310-11, 29 C.M.R. at 126-27.
As in Bell and May, the issue before us is not whether Appellant was deprived of his Sixth Amendment right to the effective assistance of counsel under Strickland, 466 U.S. 668, 104 S.Ct. 2052, but whether the court below ensured that the Government provided Appellant with representation under Article 70. The error in this case is that the court below proceeded to decide the case without taking the steps required under Bell and May.
Under these circumstances, we need not resolve the questions left unanswered by the court below as to why a brief was not filed in this case; nor need we determine whether the lower court’s error in failing to provide notice to Appellant was inherently prejudicial or whether it should be tested for specific prejudice. Cf. Flores-Ortega, 528 U.S. at 483, 120 S.Ct. 1029 (discussing prejudice in the context of a Sixth Amendment ineffective assistance of counsel claim, and citing Penson v. Ohio, 488 U.S. 75, 88-89,109 S.Ct. 346, 102 L.Ed.2d 300 (1988); United States v. Cronic, 466 U.S. 648, 650, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); Smith v. Robbins, 528 U.S. 259, 286, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000)).
In remanding the case, we emphasize that the Court of Criminal Appeals may set and enforce deadlines. If the Court of Criminal Appeals encounters similar delays during further proceedings, it should consider the methods identified in this opinion to determine the nature of the problem, ensure that Appellant understands the available options, and take appropriate action, including requiring that the Judge Advocate General appoint additional or substitute counsel if necessary. In view of appellate defense counsel’s repeated reference to the workload of the Appellate Defense Division during prior consideration of this case at the Court of Criminal Appeals, the Court of Criminal Appeals upon remand should ensure that Appellant receives conflict-free counsel under Articles 66 and 70, UCMJ, during further review of this ease.
IV. DECISION
The decision of the Air Force Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Air Force for remand to that court for plenary review with assistance of counsel under Article 70, UCMJ, 10 U.S.C. § 870 (2000). Thereafter, Article 67, UCMJ, 10 U.S.C. § 867 (2000), will apply.

. We granted review of the following issues:
I. WHETHER THE LOWER COURT ERRED BY DECIDING APPELLANT’S CASE IN THE ABSENCE OF A SUBSTANTIVE SUBMISSION ON APPELLANT’S BEHALF DESPITE THIS COURT’S CASE LAW HOLDING THAT IT IS "ERROR” FOR A COURT OF CRIMINAL APPEALS TO DECIDE A "CASE WITHOUT ASSISTANCE OF COUNSEL" FOR AN APPELLANT. United States v. May, 47 M.J. 478, 482 (C.A.A.F.1998).
II. WHETHER THE LOWER COURT ERRED BY HOLDING: (1) THAT IT WAS NOT OBJECTIVELY UNREASONABLE FOR THE APPELLATE DEFENSE COUNSEL TO FAIL TO FILE A BRIEF ON APPELLANT’S BEHALF DURING THE 182 DAYS BETWEEN THE EXPIRATION OF APPELLANT’S BRIEFING DEADLINE AND THE LOWER COURT’S DECISION IN APPELLANT’S CASE; AND (2) THAT APPELLANT DEMONSTRATED NO PREJUDICE, DESPITE THIS COURT’S CASE LAW HOLDING THAT WHERE APPELLATE COUNSEL "DO NOTHING" ON AN APPELLANT’S BEHALF, THE "APPELLANT HAS BEEN EFFECTIVELY DEPRIVED OF COUNSEL, AND PREJUDICE IS PRESUMED." United States v. May, 47 M.J. 478, 482 (C.A.A.F.1998).