STUCKY, Judge,
with whom RYAN, Judge, joins (dissenting):
Citing United States v. Bell, 11 C.M.A. 306, 29 C.M.R. 122, 1960 WL 4470 (1960), and United States v. May, 47 M.J. 478 (C.A.A.F.1998), the majority asserts that the issue before the Court “is not whether Appellant was deprived of his Sixth Amendment right to the effective assistance of counsel under Strickland, 466 U.S. 668, 104 S.Ct. 2052, but whether the court below ensured that the Government provided Appellant with representation under Article 70.” United States v. Roach, 66 M.J. at 419 (C.A.A.F. 2008). It then holds that the United States Air Force Court of Criminal Appeals (AFC-CA) failed in its duty. Id.
We granted review of two issues: (1) whether the AFCCA erred by deciding Appellant’s case in the absence of a substantive submission on Appellant’s behalf; and (2) whether the AFCCA erred by failing to conclude that appellate defense counsel were ineffective. Rather than answering these granted issues, the majority frames a different issue that improperly imposes a duty on the Courts of Criminal Appeals contrary to the precedents of this Court and the Supreme Court. Therefore, I dissent.
*420 I.
On the day of trial, June 20, 2006, Appellant signed a request for appellate defense counsel to represent him before the AFCCA. The record of trial was received by the Air Force Appellate Defense Division on August 16, 2006, and Lieutenant Colonel (Lt Col) S, Deputy Chief, Appellate Defense Division, assigned the case to Captain (Capt) D. Appellate defense counsel failed to file their brief within the ninety days allotted, A.F. Ct.Crim.App. R. 15(b), but did request two enlargements of time. The AFCCA granted both enlargements of time such that the brief was required to be submitted by February 15, 2007.
On that date, Capt D and Lt Col S moved to submit an enlargement of time out of time, requesting an additional enlargement of 120 days. As this was the third requested enlargement of time and the asserted reason was other litigation, counsel were required to disclose whether Appellant concurred in the requested delay, A.F. Ct.Crim.App. R. 24.1b(3), and to specifically explain the number and types of their other cases and the courts involved. A.F. Ct.Crim.App. R. 24.1(b)(2). Capt D and Lt Col S asserted that, “absent client consent, counsel is unable to answer this Honorable Court’s request for an averment of prior coordination.” They challenged the Air Force Court to either grant the request for enlargement or grant Appellant relief from his sentence under United States v. Moreno, 63 M.J. 129 (C.A.A.F.2006), “to remedy the denial of speedy post-trial processing.”
The AFCCA issued an order on March 2, 2007, in which it observed that the case had been with the Appellate Defense Division for more than six months, the record of trial was only eighty-one pages long and contained only seventeen exhibits, the sole basis for the enlargement request was counsel’s other pending eases, and counsel had neither provided the required information concerning the other pending eases to justify the requested enlargement of time nor indicated that Appellant concurred in the request for enlargement. Nevertheless, the court granted an enlargement until March 15, 2007, but ordered counsel to provide the information missing from the requested enlargement.
On March 12, 2007, Appellant’s counsel requested an additional enlargement of time for sixty days, noting that this was the fourth request for enlargement and approximately 190 days had elapsed since initial docketing of the case. He claimed that he then had ten other cases pending, but provided no details despite the court’s order to do so. The AFCCA denied the motion for enlargement of time on March 14, 2007.
On August 23, 2007, more than five months later, and more than a year after Capt D was assigned to the case, he and Lt Col S filed a motion out of time for reconsideration of the denial of his fourth request for enlargement and another request for enlargement of time. They requested sixty more days to file a brief, stating that they could “now aver that Appellant allows him to file requests for enlargements on his behalf.” Capt D and Lt Col S asserted that Capt D then had approximately four cases pending that, apparently, he and Lt Col S had determined to be higher priority, but provided no further details. They noted that “Appellant believes that his counsel may have been ineffective during the post-trial stages of the case, and also challenges the trial counsel’s qualifications to serve on the prosecution team.”
On August 30, 2007, the AFCCA denied Appellant’s motion, stating it had already begun review of the case. However, the AFCCA encouraged appellate defense counsel to file a brief: “If a brief from Appellant is received prior to action by this Court, it will be considered.” No brief was filed.
The AFCCA affirmed the findings and sentence approved by the convening authority on September 13, 2007, almost thirteen months after the case was received by the Appellate Defense Division and assigned to Capt D. United States v. Roach, ACM No. S31143, 2007 CCA LEXIS 402, *9, 2007 WL 2790660 *3-*4 (A.F.Ct.Crim.App. Sept. 13, 2007) (per curiam) (unpublished). Finding Appellant had failed to show good cause for a new sixty-day period for filing a brief, the AFCCA decided the case without the brief. Id. at *3, 2007 WL 2790660, at *1. Citing *421 A.F. Ct.Crim.App. R. 15(b) and 15.4, the AFCCA said that “it is clear that if no brief is filed by appellate defense counsel then it is presumed to constitute a submission on the merits.” Id. at *7, 2007 WL 2790660 at *3.
The AFCCA examined both of the issues mentioned by appellate defense in the motion for reconsideration as possible issues in the case — the qualifications of assistant trial counsel and the effectiveness of trial defense counsel for not raising the issue in clemency. Id. at *4-*6, 2007 WL 2790660 at *2. The court also examined Capt D’s failure to file a brief for ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984):
Despite the clear expression by the appellant that he desired to be represented by counsel before this Court, we do not presume a breach of the reasonableness standard. The unique stature of this Court and the Court rules themselves make that issue more complex and the presumption impossible to reach. Under Article 66(b)(1), UCMJ, 10 U.S.C. § 866(b)(1), this Court is required by law to review the appellant’s case once referred to the Court by the Judge Advocate General. That referral has occurred. Appellate defense counsel is well aware of our obligation. In addition, under Rules 15(b) and 15.4 of this Court’s Rules of Practice and Procedure, it is clear that if no brief is filed by appellate defense counsel then it is presumed to constitute a submission on the merits. Considering the extremely limited record in this case and the lack of any substantive issues, a submission on the merits is reasonable. As for the failure to expressly file a merits brief, it is impossible to speculate whether we have a deficiency of counsel, a strategy to create an issue, or a delay tactic for the benefit of their client. See [Roe v.] Flores-Ortega, 528 U.S. [470,] 484 [120 S.Ct. 1029] [2000]. Thus we do not find that the appellant has met his burden of establishing a breach of the standard. Nevertheless, we looked to the second prong of the Strickland analysis. Having done so, we also find no prejudice to the appellant. Notwithstanding appellate defense counsel’s failure to file a brief, the appellant in this case still actually received the benefit of the appellate process. There is no evidence to support a contention that this appellate proceeding is “unreliable or entirely nonexistent” as was the case in Flores-Ortega. Id. We have reviewed the entire Record of Trial for errors and find none. The appellant pled guilty. The trial lasted less than three hours in length before a certified military judge and trial defense counsel made no objections or motions before, during, or after the trial.
Id. at *7-*8, 2007 WL 2790660, at *3 (footnotes omitted).
We granted Appellant’s motion to admit declarations from Capt D, Lt Col S, and Colonel (Col) M, a reservist also assigned to the Appellate Defense Division. Capt D stated that, although he was detailed appellate defense counsel for Appellant, he did not read the record of trial before the AFCCA affirmed the findings and sentence. “When AFCCA decided the case, the defense copy of the record of trial was not in my possession because it had been sent to a reservist to review.” Lt Col S, the Deputy Division Chief, Appellate Defense Division, stated that he assigned Appellant’s case to Capt D, that he signed each request for enlargement and the motion for reconsideration as a supervisory appellate defense counsel, but that he did not read the record of trial. Col M said she “was given the record of trial” in this case between August 20 and August 23, 2007, but had neither read the record nor communicated with Appellant.[1]
II.
“Appellate defense counsel shall represent the accused before the Court of Criminal *422 Appeals ... when requested by the accused,” Article 70(c)(1), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 870(c)(1) (2000), and Appellant so requested on the day of his trial. This Court has interpreted an appellant’s statutory right to appellate counsel under Article 70, UCMJ, to mean the effective representation by counsel through the entire period of review following trial. Diaz v. Judge Advocate General of the Navy, 59 M.J. 34, 37 (C.AA.F.2003); accord United States v. Adams, 59 M.J. 367, 370 (C.A.A.F. 2004).
Appellate courts may be the guardians of an appellant’s Article 70, UCMJ, right to be represented by counsel on appeal; contrary to the majority opinion, however, compliance with Article 70, UCMJ, depends on appellate defense counsel’s performance, not on the performance of the AFCCA. Compare Article 70, UCMJ, with Article 66, UCMJ, 10 U.S.C. § 866 (2000). To resolve issues of appellate defense counsel’s performance, “we are guided by the Supreme Court’s two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).” Adams, 59 M.J. at 370; accord United States v. Miller, 63 M.J. 452, 455-56 (C.A.A.F.2006); see Roe v. Flores-Ortega, 528 U.S. 470, 477-87, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) (vacating the judgment of the lower court that had held counsel’s failure to file a notice of appeal without the appellant’s consent was sufficient to grant him a right to a new appeal, and holding that the Strickland test is the proper framework for evaluating an ineffective assistance of counsel claim, based on counsel’s failure to obtain the appellant’s consent).[2] The Strickland test provides:
First, the defendant must show that counsel’s performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the “counsel” guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial.
466 U.S. at 687,104 S.Ct. 2052.
The majority’s reliance on Bell and May is misplaced. First, those cases were decided before the Supreme Court resolved how to handle deficient appellate counsel performance in Flores-Ortega. Second, the procedural posture of those cases was different, as was the degree to which the appellants were represented by counsel. Bell’s “obstreperous ____ conduct caused two qualified defense counsel to request relief from assignment to avoid compromising their standings as lawyers.” Bell, 11 C.M.A. at 308, 29 C.M.R. at 124. The Board of Review relieved the counsel and decided the case without notifying the appellant. Id. at 309, 29 C.M.R. at 125. Thus, at the time of his appeal, Bell was totally unrepresented. In May, the appellant’s trial defense counsel alleged three errors in his post-trial submissions. 47 M.J. at 479. Neither the appellant’s civilian nor military appellate counsel filed a brief on appeal, so none of those issues was presented to the Court of Criminal Appeals. Id. at 480. This Court held that May was, in effect, unrepresented by counsel and prejudice was, therefore, presumed. Id. at 481.
This case is different. Appellant was represented by appellate defense counsel who continued to submit matters to the AFCCA up until the court rendered its decision. Although Appellant’s counsel never filed a formal brief, the AFCCA reviewed at length both of the issues Appellant raised. Appellant was represented by counsel and, therefore, his ease should be analyzed under the Strickland standard. See Flores-Ortega, 528 U.S. at 478,120 S.Ct. 1029.
III.
A.
The first prong of the Strickland standard requires an appellant to “show that counsel’s *423 representation fell below an objective standard of reasonableness----under prevailing professional norms.” 466 U.S. at 688, 104 S.Ct. 2052. In Flores-Ortega, the Supreme Court refused to adopt a bright-line rule that, unless an accused instructs him otherwise, counsel’s failure to file a notice of appeal is per se objectively unreasonable. 528 U.S. at 478, 120 S.Ct. 1029. Instead, the Court affirmed the applicability of the Strickland standard for deficient performance— whether counsel’s performance “ ‘was reasonable considering all the circumstances.’ ” Id. (quoting Strickland, 466 U.S. at 688, 104 S.Ct. 2052). The circumstances the Supreme Court considered included whether counsel consulted with the accused — “advising the [accused] about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant’s express instructions.” Id. If counsel consulted with the accused, his performance is objectively unreasonable “only by failing to follow the [accused’s] wishes.” Id.
The record does not establish whether Capt D or Lt Col S consulted with Appellant within the meaning of Flores-Ortega. Despite the importance of the issue, appellate defense counsel’s declarations are not helpful in determining whether, and to what extent, counsel even communicated with Appellant. The August 23, 2007, defense submission to the AFCCA suggests that counsel had contacted Appellant so as to receive permission to tell the court that Appellant agreed to the requested enlargements of time and to receive Appellant’s request to raise two issues on appeal. But that is not sufficient to establish consultation as defined in Flores-Ortega. Col M asserts she had no communications with Appellant.
If an appellate defense counsel does not consult with the accused, his performance is objectively unreasonable “when there is reason to think either (1) that a rational accused would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular [accused] reasonably demonstrated to counsel that he was interested in appealing.” Flores-Ortega, 528 U.S. at 480, 120 S.Ct. 1029. Appellant reasonably expressed his interest in appealing by signing the request for appellate counsel at trial and by advising counsel of the two issues he wanted raised to the AFCCA. Yet neither Capt D nor Lt Col S reviewed the record to see if it supported Appellant’s claims. In fact, they even failed to submit a Grostefon[3] brief listing the issues Appellant wanted raised. Instead, they merely listed the issues in a request for reconsideration. Under the circumstances, I conclude that the performance of Capt D and Lt Col S was deficient; it was objectively unreasonable for them not to timely file a brief.
B.
The second prong of the Strickland test, which requires Appellant to establish prejudice, focuses on the reliability of the proceeding as a whole. See Flores-Ortega, 528 U.S. at 483, 120 S.Ct. 1029; United States v. Cronic, 466 U.S. 648, 659, 104 S.Ct. 2039 (1984). Normally, there is a strong presumption of reliability in judicial proceedings that an accused must overcome by showing “that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland, 466 U.S. at 694,104 S.Ct. 2052.
The Supreme Court has identified three circumstances “so likely to prejudice the accused that the cost of litigating their effect in a particular ease is unjustified,” Cronic, 466 at 658, 104 S.Ct. 2039:(1) if there is a “complete denial of counsel”; (2) “if counsel entirely fails to subject the prosecution’s ease to meaningful adversarial testing”; and (3) if counsel is called upon to render assistance where competent counsel very likely could not have rendered effective assistance. Id. at 659-61,104 S.Ct. 2039.
When an accused establishes that “he was — either actually or constructively — denied the assistance of counsel altogether____ ‘no specific showing of prejudice is required,’ *424 because ‘the adversary process itself [is] presumptively unreliable.’ ” Flores-Ortega, 528 U.S. at 488, 120 S.Ct. 1029 (quoting Cronic, 466 U.S. at 659, 104 S.Ct. 2039). “[W]hen counsel’s constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal.” Id. at 484, 120 S.Ct. 1029. In such a case, the accused need not “demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal.” Id. at 486, 120 S.Ct. 1029. Instead, he is required to show that “but for counsel’s deficient conduct, he would have appealed.” Id.
In Flores-Ortega, “counsel’s alleged deficient performance arguably led not to a judicial proceeding of disputed reliability, but rather to the forfeiture of a proceeding itself.” Id. at 483,120 S.Ct. 1029. This appellant, however, was not denied an appeal. The AFCCA considered, analyzed, and rendered judgment on the two issues Appellant raised and one issue it raised sua sponte. The AFCCA also complied with its statutory duty to
affirm only such findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved. In considering the record, it may weigh the evidence, judge the credibility of witnesses, and determine controverted questions of fact, recognizing that the trial court saw and heard the witnesses.
Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2000). It reviewed the case for legal and factual sufficiency and considered the legal errors Appellant alleged.
IV.
As Appellant was not denied an appeal, he has the burden of demonstrating that his counsel’s deficient performance prejudiced his defense — “that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Strickland, 466 U.S. at 694, 104 S.Ct. 2052. Appellant has failed to do so.
As the majority notes, Appellant’s new defense counsel claim they would have raised two issues on appeal had they been given the opportunity to do so: (1) the plea was improvident because the military judge failed to explain the defense of voluntary intoxication; and (2) the enormous disparity in the sentence imposed on his co-actor warranted a reduction in Appellant’s sentence.
A.
Voluntary intoxication is not a defense, but may be introduced for the purpose of raising a reasonable doubt as to the existence of actual knowledge or specific intent if either is an element of the offense. Rule for Courts-Martial 916(Z )(2). To raise the issue, there must be some evidence that the intoxication was of a severity as to render the appellant incapable of having the requisite knowledge or of forming the specific intent. United States v. Peterson, 47 M.J. 231, 234 (C.A.A.F. 1997).
In the early morning hours of October 13, 2005, Appellant consumed a large quantity of alcoholic beverages eventually causing him to pass out for approximately ninety minutes. After awakening, he directed another airman to drive him to a downtown apartment building, where he got out of the vehicle and walked around the neighborhood. He was eventually stopped and interrogated by police officers. After his release, he directed the airman to drive him to another location where Appellant again left the vehicle. Appellant returned with a woman. They drove to an ATM where Appellant withdrew money from his bank account using his government travel card. Appellant paid the woman $40 in exchange for a rock of cocaine, which he showed the other airman how to smoke.
While the military judge did not specifically discuss involuntary intoxication with Appellant, she did ensure that his plea was provident. During the providence inquiry, Appellant told the military judge that he knew at the time that he was using cocaine and had no legal justification for doing so; he *425 knew that his use of cocaine was a violation of the law; despite his drinking, he remembered making a conscious choice to use cocaine; he knew what he was doing when he used the cocaine and could have avoided using the cocaine if had wanted to do so. Under these circumstances, the military judge was not required to discuss how the issue of voluntary intoxication could affect Appellant’s plea.
B.
Appellant’s sentence is not “highly disparate” when compared to that of Airman First Class (A1C) Neff and there are rational reasons for any difference. See United States v. Lacy, 50 M.J. 286, 288 (C.A.A.F.1999). It would have been apparent to the AFCCA from its review of the record that Appellant’s sentence was not disproportionate to A1C Neffs. After all, Appellant orchestrated the use of cocaine. He outranked A1C Neff, directed A1C Neff to drive them to the place where Appellant located the drug dealer who provided the cocaine, used his government travel card to obtain funds for purposes other than official travel, provided funds to the drug dealer to purchase steel wool for the crack pipe, and showed A1C Neff how to use the crack pipe to smoke the cocaine.
The AFCCA was also aware of A1C Neffs sentence. Appellant described it in his unsworn statement as being confinement for one month, hard labor without confinement for ninety days, forfeiture of $325 pay per month for six months, a reprimand, and reduction to E-l, specifically noting that A1C Neff did not receive a bad-conduct discharge. While the AFCCA did not discuss the issue, it concluded that the sentence was correct in law and fact. Roach, 2007 CCA LEXIS 402, at *9, 2007 WL 2790660, at *3. Under the circumstances, that is sufficient. There is no evidence to warrant a reduction in Appellant’s sentence.
Appellant failed to demonstrate prejudice — that there was a reasonable probability that but for his counsel’s deficient performance his sentence would have been different. Therefore, the decision of the AFCCA should be affirmed.
V.
In Moreno, this Court held that “[d]ue process entitles convicted service members to a timely review and appeal of court-martial convictions.” 63 M.J. at 132. We expressed concern that “[tjhere is no evidence in this case that the numerous requests for delay filed by appellate defense counsel benefited Moreno or that Moreno was consulted about and agreed to these delays.” Id. at 137. This Court established “a presumption of unreasonable delay where appellate review is not completed and a decision is not rendered within eighteen months of docketing the case before the Court of Criminal Appeals.” Id. at 142.
We warned the Courts of Criminal Appeals that we expected them “to document reasons for delay and to exercise the institutional vigilance that was absent in Moreno’s case.” Id. at 143. Through its court rules, the AFCCA attempted to document these delays and undertake the institutional vigilance necessary to ensure Appellant received a timely appeal. The majority permits appellate counsel to frustrate that plan by refusing to file a brief or to adequately document the reasons for not doing so. Therefore, I dissent.

. The declarations of Capt D, Lt Col S, and Col M are relatively unhelpful. It is unclear, for instance, whether the case was ever actually reassigned to Col M. The declarations of Capt D and Lt Col S also fail to mention any communications they may have had with Appellant, although that would obviously be of interest to an appellate court. See May, 47 M.J. at 482. Col M denied ever communicating with Appellant.

. While recognizing the difference between failing to file a notice of appeal in civilian court and failing to file a brief in a military appellate court, the Flores-Ortega opinion is helpful in analyzing the granted issues.

. United States v. Grostefon, 12 MJ. 431, 435-36 (C.M.A.1982).