# UNITED STATES NAVY-MARINE CORPS COURT OF CRIMINAL APPEALS WASHINGTON, D.C.

**Before**
**M.D. MODZELEWSKI, R.Q. WARD, J.R. MCFARLANE**
**Appellate Military Judges**

## UNITED STATES OF AMERICA

v.

## ANTHONY J. ALDONIS
## PRIVATE FIRST CLASS (E-2), U.S. MARINE CORPS

### NMCCA 201300306
### GENERAL COURT-MARTIAL

**Sentence Adjudged:** 29 April 2013.
**Military Judge:** Col G.W. Riggs, USMC.
**Convening Authority:** Commanding General, 2d Marine Aircraft Wing, II Marine Expeditionary Force, Cherry Point, NC.
**Staff Judge Advocate's Recommendation:** LtCol J.J. Murphy, USMC.
**For Appellant:** CAPT Brent Filbert, JAGC, USN.
**For Appellee:** CAPT Frank J. Foil, JAGC, USN; Maj Crista D. Kraics, USMC.

**20 February 2014**

---------------------------------------------------------
## OPINION OF THE COURT
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial, convicted the appellant, pursuant to his pleas, of attempted sodomy on a child under the age of twelve years, committing a lewd act on a child under the age of twelve years, and adultery, in violation of Articles 80, 120, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 920, and 934. The military judge sentenced the appellant to eight years confinement,

reduction to pay grade E-1, and a dishonorable discharge.  The convening authority (CA) approved the sentence as adjudged.

In his sole assigned error, the appellant characterizes his sentence as inappropriately severe and urges us to affirm only a confinement period of four years and a dishonorable discharge.  We have examined the record of trial, the appellant's assignment of error, and the pleadings of the parties.  We conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.  Arts. 59(a) and 66(c), UCMJ.

**Discussion**

This court reviews the appropriateness of the sentence *de novo*.  *United States* v. *Roach,* 66 M.J. 410, 413 (C.A.A.F. 2008).  We engage in a review that gives "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and the character of the offender.'"  *United States* v. *Snelling,* 14 M.J. 267, 268 (C.M.A.  1982) (quoting *United States* v. *Mamaluy*, 27 C.M.R. 176, 180-181 (C.M.A. 1959)).

Here, the appellant engaged in sexual intercourse with a fellow Marine's spouse while the Marine was on deployment in Afghanistan.  The appellant then entered the bedroom of the deployed Marine's seven-year-old daughter, exposed himself, forced her to engage in sexual touching, and attempted to commit sodomy with the child.  Given these circumstances, we find the adjudged sentence entirely appropriate.  To grant relief at this point would be engaging in clemency, a prerogative reserved for the convening authority, and we decline to do so.  *United States* v. *Healy,* 26 M.J. 394, 395-96 (C.M.A. 1988).

2

**Conclusion**

The findings and the sentence as approved by the CA are affirmed.

For the Court


R.H. TROIDL
Clerk of Court