# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**R.Q. WARD, J.R. MCFARLANE, K.M. MCDONALD**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

**v.**

**ANIL K. DUTTA**
**COMMANDER (O-5), MEDICAL CORPS, U.S. NAVY**

**NMCCA 201300254**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged**: 19 April 2013.
**Military Judge**: CAPT John Waits, JAGC, USN.
**Convening Authority**: Commander, Navy Region Southeast, Naval Air Station, Jacksonville, FL.
**Staff Judge Advocate's Recommendation**: CDR M.C. Holifield, JAGC, USN.
**For Appellant**: David P. Sheldon, Esq.; CDR Michael Pallesen, JAGC, USN.
**For Appellee**: Maj David N. Roberts, USMC; LCDR Keith Lofland, JAGC, USN.

**28 February 2014**

---------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of unauthorized absence and conduct unbecoming an officer and a gentleman, in violation of Articles 86 and 133, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 933. The military judge sentenced the appellant to three months confinement, forfeiture of all pay and allowances, and to be dismissed from the naval service. The

convening authority (CA) approved the sentence as adjudged and, except for the dismissal, ordered the sentence executed. Pursuant to a pretrial agreement, the CA suspended adjudged confinement in excess of 90 days, and further suspended and waived adjudged and automatic forfeitures as an act of clemency.

The appellant asserts that the court-martial did not have jurisdiction to try him for misconduct that occurred prior to his reporting for active duty. Furthermore, the appellant asserts that a sentence including a dismissal is inappropriately severe, given the unique facts of this case.

After careful consideration of the record of trial, the appellant's assignments of error, and the pleadings of the parties, we conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

## Background

On 30 April 2012, the appellant received mobilization orders recalling him to active duty as an Orthopedic Surgeon, pursuant to 10 U.S.C. § 12302 (2012). The orders stated that the appellant was to report to the Naval Operational Support Center (NOSC), San Antonio, Texas, no later than 20 July 2012. The appellant did not report on 20 July 2012, and stipulated that he was aware of his orders and his decision not to report was voluntary. Record at 35-39. The appellant remained absent until 29 November 2012, at which time he surrendered himself to military authorities.

## Discussion

The first question that this case poses is whether the appellant was subject to court-martial jurisdiction at the time the offenses were committed despite his not reporting pursuant to his active duty orders. Personal jurisdiction is a question of law that this court reviews *de novo*. *United States v. Hart*, 66 M.J. 273, 276 (C.A.A.F. 2008).

"'Court-martial jurisdiction exists to try a person so long as that person occupies a status as a person subject to the [UCMJ].'" *United States v. Phillips,* 58 M.J. 217, 219 (C.A.A.F 2003) (quoting *United States* v. *Ernest,* 32 M.J. 135, 139 (C.M.A. 1991)). A service-member's status is generally governed by Article 2, UCMJ, 10 U.S.C. § 802, which specifically states that

2

reservists are subject to the UCMJ when they are "lawfully called or ordered into, or to duty in or for training in, the armed forces, *from the dates when they are required by the terms of the call or order to obey it."* 10 U.S.C. 802(a)(1) (emphasis added)).[1]

Here, the appellant freely admitted that he was aware of his orders calling him to active duty on 20 July 2012. These orders, pursuant to UCMJ, 10 U.S.C. §802(a)(1), place the appellant in a status subject to UCMJ jurisdiction effective 20 July 2012. Additionally, the appellant's decision to ignore lawful orders to fulfill his service obligation does not act as a shield from jurisdiction. Thus, we conclude that the court had proper court-martial jurisdiction to try the appellant.

The second question that this case poses is whether the dismissal was inappropriately severe in light of the circumstances of this case. This court reviews the appropriateness of the sentence *de novo*. *United States* v. *Roach,* 66 M.J. 410 (C.A.A.F. 2008). We engage in a review that gives "'individualized consideration' of the particular accused 'on the basis of the nature and the seriousness of the offense and the character of the offender.'" *United States* v. *Snelling,* 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States* v. *Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)).

Here, the appellant willfully disregarded lawful orders, which called for him to provide "a rapidly deployable urgent initial surgical service forward in the theater of operation [in order to] increase survival rates of critically wounded and injured" personnel. Prosecution Exhibit 1 at 7. As a result of his refusal, the surgeon that the appellant was supposed to relieve had to remain in Afghanistan when the rest of his unit re-deployed, and another reservist surgeon had to leave his practice on short notice in order to fill the vacancy caused by the appellant's misconduct. For these reasons, we find the sentence adjudged appropriate under the circumstances of this case. To grant relief at this point would be engaging in clemency, a prerogative reserved for the convening authority, and we decline to do so. *United States* v. *Healy,* 26 M.J. 394, 395-96 (C.M.A. 1988).

**Conclusion**

---

[1] Because jurisdiction can be established over the appellant using § 802(a)(1), the three requirements in 802(c) are not relevant to the case at bar.

The findings and the sentence as approved by the CA are affirmed.


For the Court



R.H. TROIDL
Clerk of Court