**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Senior Airman NICHOLAS R. GROTTENTHALER**
**United States Air Force**

**ACM 38380**

**11 March 2014**

Sentence adjudged 1 May 2013 by GCM convened at Whiteman Air Force Base, Missouri.  Military Judge:  Rodger A. Drew, Jr. (sitting alone).

Approved sentence:  Bad-conduct discharge and reduction to E-1.

Appellate Counsel for the Appellant:  None.

Appellate Counsel for the United States:  Colonel Don M. Christensen.

Before

HELGET, WEBER, and PELOQUIN
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, consistent with his pleas, of one charge and specification of maiming MG (his wife); one specification of aggravated assault with a force likely to produce death or grievous bodily harm; and one specification of assault consummated by a battery, in violation of Articles 124 and 128, UCMJ, 10 U.S.C. §§ 924, 928.[1]  The military judge sentenced the appellant to a bad-conduct discharge and reduction to E-1.  The convening authority approved the sentence as adjudged.

---

[1] Pursuant to a defense motion, the military judge dismissed an additional specification of aggravated assault with a force likely to produce death or grievous bodily harm on multiplicity grounds.

The appellant's conviction arose from his violent behavior toward his wife on Halloween night 2012. The appellant fell asleep after an evening of drinking. His wife later confronted him about suspicious text messages she found on his cell phone. When the appellant learned his wife had taken his cell phone, he chased her downstairs, shoved her to the floor, shook her, berated her, broke her finger to pry her cell phone from her, broke her cell phone and glasses, and shoved her face to the floor. The appellant's wife escaped outside when the appellant picked up and destroyed a television. Outside, the appellant caught up to her, strangled her until she passed out, and pushed or shoved her face-first into the sidewalk, causing her to break three of her front teeth.

The record of trial contains three Air Force (AF) Form 304s signed by the appellant. On the first form, signed on the date of trial, the appellant requested appellate defense counsel to represent him. However, he later signed two additional AF Form 304s stating he no longer wished to have appellate defense counsel represent him. He signed the final form shortly after the convening authority's action. As a result, the Air Force Appellate Defense Division declined to assign counsel to the appellant. The appellant, however, has not waived appellate review of his case. This Court contacted the appellant's trial defense counsel to inquire whether the appellant still elected not to be represented by appellate counsel and whether the appellant wished to personally raise any issues for this Court's consideration. The appellant's trial defense counsel stated that the appellant did not desire to raise any issues to this Court's attention, and still did not wish to be represented by appellate defense counsel.

Under Article 70(c), 10 U.S.C. § 870(c), and Rule for Courts-Martial 1202(b)(2), appellate defense counsel are to represent an appellant in cases before this Court when requested by the accused, or in other situations not applicable here.[2] We therefore find that the proper course of action is to conduct a review of the record under Article 66, UCMJ, 10 U.S.C. § 866, without the benefit of a brief from the appellant. Our superior court has stressed the importance of appellate defense counsel and receiving a brief from the appellant, but the Court did so in the context of a case where "an appellant has requested representation that does not appear to be forthcoming." *United States v. Roach*, 66 M.J. 410, 418 (C.A.A.F. 2008). In *Roach*, the Court held that "[i]f the court determines that circumstances warrant proceeding without a brief filed by appointed military appellate counsel, the court must first provide adequate notice to the appellant so that the appellant can determine whether to request substitute counsel under Article 70, [UCMJ,] obtain civilian counsel at the appellant's expense, or waive the right to counsel and proceed pro se." *Id.* This case presents a different situation than *Roach*, but this Court has nonetheless contacted the appellant through counsel, and the appellant has again affirmatively elected not to be represented by counsel on appeal. We therefore

---

[2] One other situation requiring appellate defense counsel to represent an appellant before this Court is when the United States is represented by counsel. No appellate government attorneys have entered appearances in this case on behalf of the Government.

hold that the appellant has waived his right to appellate counsel and we are to proceed without the benefit of a submission on the appellant's behalf.

We have carefully reviewed the record of trial, and find no grounds to disturb the conviction or sentence. The appellant's guilty plea pursuant to a pretrial agreement was provident, and his sentence is appropriate. No legal issues arose from the trial or the processing of this case that warrant relief.

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

ACM 38380