# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**F.D. MITCHELL, J.A. FISCHER, D.C. KING**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

v.

**JOSEPH D. BATES**
**SERGEANT (E-5), U.S. MARINE CORPS**

**NMCCA 201400447**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 14 Aug 2014.
**Military Judge:** Col M.B. Richardson, USMC.
**Convening Authority:** Commanding General, Marine Corps
Recruit Depot, Western Recruiting Region, San Diego, CA.
**Staff Judge Advocate's Recommendation:** Maj J.E. Ming, USMC.
**For Appellant:** LT Christopher McMahon, JAGC, USN.
**For Appellee:** CAPT Ross L. Leuning, JAGC, USN; LT Ann E.
Dingle, JAGC, USN.

**28 July 2015**

---
## OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS
PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

Pursuant to his pleas, a military judge sitting as a
general court martial convicted the appellant of five
specifications of violating a lawful general order, one
specification of dereliction of duty, one specification of
willful damage to government property of a value of less than
$500.00, and two specifications of adultery, in violation of
Articles 92, 108, and 134, Uniform Code of Military Justice, 10

U.S.C. §§ 892, 908, and 934, respectively.  At trial, the appellant was acquitted of the charges to which he entered pleas of not guilty, namely: four specifications of sexual assault and two specifications of abusive sexual contact in violation of Article 120, UCMJ, 10 U.S.C. § 920.

The military judge sentenced the appellant to reduction to pay-grade E-1, total forfeiture of pay and allowance, a $1,000 fine, confinement for 12 months, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged but, pursuant to the pretrial agreement, suspended confinement in excess of six months.

On appeal, the appellant alleges that a bad-conduct discharge is inappropriately severe.  After careful examination of the record of trial and the pleadings of the parties, we disagree.  The findings and sentence are correct in law and fact, and we find no error materially prejudicial to the substantial rights of the appellant.  Arts. 59(a) and 66(c), UCMJ.

## Background

The appellant was a Marine recruiter in Bloomington, Illinois.  As part of his duties, he would interact with high school teenagers in an effort to recruit worthy candidates into the Marine Corps.  The appellant was therefore, quite literally, one of the faces of the Marine Corps in this community.

However, instead of ensuring that his conduct remained professional or even legal, the appellant began socially interacting with these high school students to the point where he allowed one male recruit to live with him and provided that recruit and several other female teenagers with alcohol on several occasions.  Eventually, the appellant, a married man, engaged in sexual relationships with two female recruits admitting that one of them even became his "girlfriend."[1]

## Sentence Severity

In accordance with Article 66(c), UCMJ, this court "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved."  This court reviews the appropriateness of a

---

[1] Record at 107.

sentence *de novo*. *United States v. Roach*, 66 M.J. 410, 412 (C.A.A.F. 2008). Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves, *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988), which requires "individualized consideration of the particular accused on the basis of the nature and seriousness of the offense and character of the offender." *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (citation and internal quotation marks omitted).

## Conclusion

We have reviewed the entire record and find the appellant's argument is without merit. The findings and sentence as approved by the CA are affirmed.

For the Court

R.H. TROIDL
Clerk of Court

3