# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, D.C. KING, B.T. PALMER**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**GUSTAVO A. HERNANDEZ**
**LIEUTENANT JUNIOR GRADE (O-2), U.S. NAVY**

**NMCCA 201500145**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 4 March 2015.
**Military Judge:** CDR Marcus N. Fulton, JAGC, USN.
**Convening Authority:** Commander, Navy Region Hawaii, Pearl Harbor, HI.
**Staff Judge Advocate's Recommendation:** LCDR J.S. Ayeroff, JAGC, USN.
**For Appellant:** LCDR Ryan Mattina, JAGC, USN.
**For Appellee:** CDR James E. Carsten, JAGC, USN; LT James M. Belforti, JAGC, USN.

**27 August 2015**

---------------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of one specification of fraternization and one specification of obstruction of justice, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.  Under the terms of a

pretrial agreement, all other charges before the court were withdrawn and dismissed.

The military judge sentenced the appellant to a reprimand, total forfeiture of pay and allowance, and a dismissal. The convening authority (CA) approved the sentence as adjudged.

On appeal, the appellant alleges his dismissal is inappropriately severe. After careful examination of the record of trial and the pleadings of the parties, we disagree. The findings and sentence are correct in law and fact, and we find no error materially prejudicial to the substantial rights of the appellant. Arts. 59(a) and 66(c), UCMJ.

## Background

On 31 March 2014, the appellant, a lieutenant junior grade permanently assigned to the USS NORTH CAROLINA (SSN 777), was ashore on port call in Guam. Over the course of the evening, the appellant drank with, and bought drinks for, junior enlisted Sailors, to include Machinist Mate Second Class (MM2) CDJ, who worked in the same division as the appellant aboard the NORTH CAROLINA. The appellant later sought out MM2 CDJ, and while sitting in a public stairwell, told him he was "a cute guy" and kissed him on the mouth. After this kiss was observed by Sonar Technician Submarine Third Class (STS3) ADG, who was also assigned to the NORTH CAROLINA, and then a member of the Shore Patrol, the appellant attempted to convince STS3 ADG to not "report him" for kissing MM2 CDJ because the appellant and STS3 ADG shared a common ethnic heritage and they both worked in the same division.

Later that night (early morning of 1 April 2014), after being warned by a fellow officer to remain away from MM2 CDJ, the appellant again met with MM2 CDJ, and again drank with him in a bar. They thereafter left the bar and walked to a secluded area, where the appellant unzipped MM2 CDJ's pants, pulled out MM2 CDJ's penis, and performed oral sex on him. Later that night, the appellant again met with STS3 ADG near the submarine, and again told him to not report that the appellant has kissed MM2 CDJ. The appellant admitted he specifically endeavored to alter STS3 ADG's testimony with the intent to influence the due administration of justice. The appellant, a Naval Academy graduate, who at the time of the offense had 11 months' time in grade, also admitted his kissing and performing oral sex on MM2 CDJ constituted fraternization.

2

Prior to sentencing, the court-martial received evidence that, as a result of the appellant's actions, MM2 CDJ felt alone and isolated, that he lost trust in others, that he was wary of officers, that he suffers flashbacks to the night of the offenses, and that his parents and sister also experienced stress.

**Sentence Severity**

In accordance with Article 66(c), UCMJ, this court "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved."  This court reviews the appropriateness of a sentence *de novo*.  *United States v. Roach*, 66 M.J. 410, 412 (C.A.A.F. 2008).  Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves, *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988), which requires "individualized consideration of the particular accused on the basis of the nature and seriousness of the offense and character of the offender."  *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (citation and internal quotation marks omitted).

During the course of a port call, the appellant repeatedly approached a junior Sailor who was assigned to his division; kissed him on the mouth; did so in a public area where they were seen by another Sailor assigned to the same submarine; subsequently engaged in oral sex with that same junior Sailor; and then, using his status as an officer, repeatedly attempted to convince another junior Sailor to not report his misconduct to his command.  Accordingly, in light of the circumstances of this case, we find the sentence, and in particular the imposed dismissal, to be fair and just.

Finally, we note the Government in its response to the appellant's brief, addresses what it characterizes as an implied assignment of error (AOE) for sentence disparity.  The Government infers this AOE's existence because the appellant's brief quotes a retired officer's good military character letter opining that similar heterosexual episodes of fraternization were resolved via Captain's or Admiral's Mast.  Appellee's Brief of 31 Jul 2015 at 13-18 and Appellant's Brief of 1 Jul 2015 at 3-4.  In reviewing the pleadings and record, we conclude the appellant, who did not affirmatively raise sentence disparity as an AOE, has not met his burden of demonstrating that any cited cases are "closely related" to his case and that his sentence,

3

therefore was "highly disparate." *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999). Accordingly, we find no error and thus grant no relief for a claim of sentence disparity, implied or otherwise.

## Conclusion

After reviewing the entire record and all the pleadings, we affirm the findings and sentence as approved by the CA.

For the Court

R.H. TROIDL
Clerk of Court