# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, A.C. RUGH, T.H. CAMPBELL**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**EMILIO R. MORAN**
**STAFF SERGEANT (E-6), U.S. MARINE CORPS**

**NMCCA 201500380**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged:** 27 August 2015.
**Military Judge:** LtCol E.H. Robinson, Jr., USMC.
**Convening Authority:** Commanding Officer, Combat Logistics Regiment 3, 3d Marine Logistics Group, Okinawa, Japan.
**Staff Judge Advocate's Recommendation:** Maj M.C. Evans, USMC.
**For Appellant:** CDR Brian Mizer, JAGC, USN.
**For Appellee:** CDR Serajul F. Ali, JAGC, USN; Capt Matthew M. Harris, USMC.

**19 April 2016**

---------------------------------------------------
## OPINION OF THE COURT
---------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of two specifications of dereliction of duty and one specification of adultery, in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934. The military judge sentenced the appellant to 90 days' confinement, reduction to pay grade E-5, a reprimand, and a bad-conduct discharge. In accordance with the pretrial agreement, the convening authority waived automatic forfeitures for a period of six months for the benefit of the

appellant's family. The convening authority disapproved the reprimand and approved the remainder of the sentence.

The appellant now raises two assignments of error: (1) that the punitive discharge was unjustifiably severe, and (2) that his conviction of adultery denied him the equal protection of the law in violation of the Due Process clause of the Fifth Amendment to the United States Constitution. We disagree with both.

## Background

For two years beginning in February 2013 and continuing until January 2015, the appellant engaged in an adulterous relationship on and around Camp Foster, Okinawa, Japan, with the wife of a civilian government employee. During the first year of their affair, the appellant and Mrs. P engaged in sexual relations two or three times per week. Over the last year of the relationship, they engaged in sexual relations weekly, primarily during the appellant's working hours while he was in uniform. The appellant and Mrs. P's sexual relationship involved rough sex, choking, anal intercourse and rape fantasies and regularly occurred inside military buildings, in personal vehicles parked on base, outside Mrs. P's residence, and in a park off base. Additionally, on three occasions Mrs. P traveled to Combat Town, near Camp Hansen, to engage in sex with the appellant while he was engaged in field training.

On one occasion, they engaged in sexual intercourse while the appellant was on duty as the Assistant Regimental Duty Officer (ARDO). On a separate, similar occasion, the appellant allowed Mrs. P to use his service-issued duty pistol in a sexual manner:

> [The appellant] attempted to insert the pistol into [Mrs. P's] vagina, but [Mrs. P] told [the appellant] to stop because it was hurting her. Then [the appellant] inserted the pistol into her mouth. [Mrs. P] remembers the taste of metal in her mouth. The pistol was placed on top of the holster while [the appellant and Mrs. P] engag[ed] in sexual intercourse.[1]

This act occurred in her van in the command parking lot while the appellant was present and on duty as ARDO. Throughout their lengthy relationship, both the appellant and Mrs. P were married to other people.

During presentencing, the appellant introduced evidence of his prior service, including two Combat Action Ribbons and a Purple Heart received in 2007 for injuries occurring while deployed to Afghanistan. This evidence was also presented to the convening authority for clemency consideration.

## Sentence Appropriateness

It is well-settled that a court-martial is free to impose any lawful sentence that it determines appropriate. *United States v. Turner,* 34 C.M.R. 215, 217 (C.M.A. 1964). We review sentence appropriateness *de novo. United States v. Roach*, 66 M.J. 410, 412 (C.A.A.F.

---

[1] Prosecution Exhibit 4 at 2.

2008). We engage in a review that gives "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and the character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)).

We find the adjudged sentence appropriate under the circumstances of this case. Granting relief at this point would be to engage in clemency, a prerogative reserved for the convening authority, and we decline to do so. *United States v. Healy*, 26 M.J. 394, 395-96 (C.M.A. 1988). We are convinced that justice was done and that the appellant received the punishment he deserved. *Id*. at 395.

## Equal Protection Challenge to the Adultery Conviction

In accordance with our holding in *United States v. Hackler*, __ M.J. __, 2016 CCA LEXIS 168 (N.M.Ct.Crim.App. 16 Mar 2016), we summarily reject the assigned error.

## Conclusion

We conclude that the findings and the sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ. The findings and the sentence as approved by the convening authority are affirmed.

For the Court

R.H. TROIDL
Clerk of Court