# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

Before
**J.A. FISCHER, A.C. RUGH, T.H. CAMPBELL**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**ZACHARY J. REYNOLDS**
**LANCE CORPORAL (E-3), U.S. MARINE CORPS**

**NMCCA 201500317**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 24 June 2015.
**Military Judge:** Col. D.J. Daughtery, USMC.
**Convening Authority:** Commanding General, Marine Corps Installations Pacific, Okinawa, Japan.
**Staff Judge Advocate's Recommendation:** LtCol E.J. Peterson, USMC.
**For Appellant:** Capt Daniel Douglass, USMC.
**For Appellee:** CDR Eric Roper, JAGC, USN; Major Tracey L. Holtshirley, USMC.

**19 April 2016**

---------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A panel of members with enlisted representation, sitting as a general court-martial convicted the appellant, contrary to his pleas, of violating a lawful general regulation, violating a lawful general order, and adultery in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934. The members sentenced the appellant to forfeit $2,055.30 pay per month for one month, reduction to pay grade E-1, and a bad-conduct discharge. The convening authority approved only so much of the sentence as provided for forfeitures of $1,546.80 pay per month for one month, reduction to pay grade E-1, and a bad-conduct discharge.

The appellant now raises three assignments of error: (1) that his adultery conviction denied him the equal protection of the law in violation of the Due Process clause of the Fifth Amendment to the United States Constitution; (2) that his adultery conviction was legally and factually insufficient; and (3) that his sentence was inappropriately severe. We disagree with each assigned error.

## BACKGROUND

In September and October 2014, the appellant engaged in a brief affair with Corporal (Cpl) JM, a noncommissioned officer (NCO). At the time Cpl JM and the appellant were both military police assigned to the Provost Marshal's Office (PMO) on board Camp Butler, Okinawa, Japan.

As was known by the appellant, Cpl JM had moved into the barracks after only recently separating from her husband, Lance Corporal (LCpl) DM. Despite this, he and Cpl JM engaged in sexual intercourse on several occasions in the barracks, and he shared this information with at least two other non-NCO Marines. He also shared this information with LCpl DM, who was in the same company as the appellant. Eventually, LCpl DM became so weary of hearing of his wife's sexual exploits that he got into a physical altercation with another person, a fight that resulted in him receiving nonjudicial punishment.

The appellant and Cpl JM's personal relationship was augmented with a shared fantasy to murder a sex offender or similar "bad" person or alternatively, a local national. In playing out this elaborate fantasy, both the appellant and Cpl JM purchased knives, tape, and plastic sheeting from the local base exchange. During the same period, the appellant regularly abused dextromethorphan, consuming heavy doses of over-the-counter cough syrup and pills to get high in violation of Secretary of the Navy Instruction 5300.28E, of 23 May 2011. He also operated a privately owned vehicle without an operators permit in violation of Marine Corps Installations Pacific Order 5560.1, of 9 May 2014.

## DISCUSSION

### Equal Protection Challenge to the Adultery Conviction

In accordance with our holding in *United States v. Hackler*, __ M.J. __, 2016 CCA LEXIS 168 (N.M.Ct.Crim.App. 17 Mar 2016), we summarily reject the assigned error.

### Legal and Factual Sufficiency of the Adultery Conviction

The appellant asserts the evidence is legally and factually insufficient to support the members' guilty finding as to adultery. Specifically, the appellant argues that the evidence failed to demonstrate conduct prejudicial to good order and discipline or conduct of a nature to bring discredit upon the armed forces. We disagree.

We review questions of factual and legal sufficiency *de novo*. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The test for legal sufficiency is "whether considering the evidence in the light most favorable to the prosecution, a reasonable factfinder

2

could have found all the essential elements beyond a reasonable doubt." *United States v. Humphreys*, 57 M.J. 83, 94 (C.A.A.F. 2002) (internal quotation marks and citations omitted). In weighing questions of legal sufficiency, the court is "bound to draw every reasonable inference from the evidence in the record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001) (citations omitted). The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses," we are convinced of the accused's guilt beyond a reasonable doubt. *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987). Proof beyond a reasonable doubt does not mean, however, that the evidence must be free from conflict. *United States v. Goode*, 54 M.J. 836, 841 (N.M.Ct.Crim.App. 2001).

In this case, the members were instructed that to convict the appellant of adultery, they must be satisfied beyond reasonable doubt that the appellant's conduct was prejudicial to good order and discipline or of a nature to bring discredit upon the armed forces. The military judge further informed them that, in determining this, they should consider several non-exclusive factors to include:

> The accused's marital status; his military rank, grade, or position; the co-actor's marital status, military rank, grade, or position or relationship to the armed forces; the military status of the co-actor's spouse and their relationship to the armed forces; the impact, if any, of the adulterous relationship on the ability of the accused, the co-actor, or the spouse of either to perform their duties in support of the armed forces; the misuse, if any, of any government time and the resources to facilitate the commission of the adultery; whether the co-accused [sic] was legally separated; where the adultery occurred; and who may have known of the adultery.[1]

At the time of their sexual relationship, Cpl JM was an NCO and the appellant was a non-NCO. They were both military police and worked together in the PMO. They engaged in sexual intercourse on several occasions in the barracks and shared this information with LCpl DM and two other junior Marines. Although LCpl DM did not immediately react to the appellant's revelation, he eventually engaged in a physical altercation with another person because he was tired of hearing about his wife sleeping with other Marines. All told, we find sufficient evidence for the trier of fact and for us to conclude that the appellant's actions were prejudicial to good order and discipline and service discrediting.

**Sentence Appropriateness**

It is well-settled that a court-martial is free to impose any lawful sentence that it determines appropriate. *United States v. Turner,* 34 C.M.R. 215, 217 (C.M.A. 1964). We review the appropriateness of the sentence *de novo*. *United States v. Roach*, 66 M.J. 410, 413 (C.A.A.F. 2008). We engage in a review that gives "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and the character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)).

---

[1] Record at 542.

Although not raised by the appellant, we note that the approved sentence provided for forfeitures of $1,546.80 pay per month for one month; however, a sentence to forfeit pay and allowances should be adjudged in terms of *whole dollars* unless a total forfeiture is adjudged. RULE FOR COURTS-MARTIAL 1003(b)(2), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.). We resolve this error in our decretal paragraph below.

Otherwise, we find the sentence adjudged, including the bad-conduct discharge, appropriate under the circumstances of this case. Granting additional relief at this point would be to engage in clemency, a prerogative reserved for the convening authority, and we decline to do so. *United States v. Healy*, 26 M.J. 394, 395-96 (C.M.A. 1988). We are convinced that justice was done and that the appellant received the punishment he deserved. *Id*. at 395.

## CONCLUSION

We conclude that the findings are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ. The findings as approved by the convening authority are affirmed. We approve so much of the sentence as provides for forfeiture of $1,546.00 pay per month for one month, reduction to pay grade E-1, and a bad-conduct discharge.

For the Court

R.H. TROIDL
Clerk of Court

4