UNITED STATES, Appellee,

v.

**Gerald A. BAKER, Staff Sergeant, U.S. Air Force, Appellant.**

No. 61,349.

ACM 27029.

U.S. Court of Military Appeals.

May 17, 1989.

For Appellant: *Colonel Fred W. Kuhn* (argued); *Major Frank J. Spinner* (on motion).

For Appellee: *Lieutenant Colonel Robert G. Giovagnoni.*

EVERETT, Chief Judge:

Baker was tried by general court-martial with members on a charge that he had wrongfully used cocaine, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. The charge resulted from a positive urinalysis. Without any pretrial agreement, Baker pleaded guilty and was sentenced to a bad-conduct discharge, confinement for 3 months, forfeiture of $300.00 pay per month for 3 months, and reduction to the grade of E–1. The convening authority approved these results. No error was assigned by appellate defense counsel before the Court of Military Review, and in a short-form opinion that court affirmed the findings and sentence as adjudged by the court-martial.

Baker petitioned for review by this Court. Appellate defense counsel filed a supplement to this petition, setting forth no grounds for relief and submitting the case "for consideration ... on its merits." Thereafter, we specified an issue to determine whether appellant had been denied effective appellate representation by reason of his appellate defense counsel's failure to raise an issue of sentence appropriateness before the Court of Military Review. To put this issue in focus, some background of the record is appropriate.

At trial, the evidence showed only one instance of drug use by appellant. Numerous defense witnesses attested to his outstanding character and performance of duty. Before the time when he used cocaine, his wife left him, and he was extremely depressed. A "friend" testified that he had furnished Baker with the cocaine after they went out drinking together during this period of separation. According to appellant, he and his wife later were reunited; and he believed their marital problems could be resolved.

The recommendation prepared by the staff judge advocate contained this information about Baker:

The accused has been on active duty in the United States Air Force since 23 August 1978. He is a 28 year old staff sergeant assigned to the 15th Military Airlift Squadron at Norton Air Force Base, California. He has received nine Airman Performance Reports, all but one rated overall 9s. The record indicates outstanding duty performance. The accused is married and his wife is expecting a child. He is entitled to wear the Air Force Commendation Medal, the Air Force Good Conduct Medal with two Oak Leaf Clusters, the Combat Readiness Medal with two Oak Leaf Clusters, the Humanitarian Service Medal, the Air Force Longevity Service Ribbon with one Oak Leaf Cluster, and Air Force Outstanding Unit Ribbon with one device and the Air force Training Ribbon. The accused has no prior convictions or Article 15s.

In an unsuccessful defense request for clemency to the convening authority, an officer and two noncommissioned officers recommended that the punitive discharge be remitted or that appellant be given other relief.

Article 66, UCMJ, 10 USC § 866, gives powers to a Court of Military Review that are unparalleled among civilian appellate tribunals. It not only considers issues of law but also makes factual findings and determines sentence appropriateness. An appellate defense counsel must keep all these powers in mind in determining what strategy to pursue before the Court of Military Review. In the interest of his client, he may wish to argue that prejudicial legal error was committed at trial; but, in addition thereto or in lieu thereof, he may choose to contend that the court-martial misperceived the facts or adjudged too harsh a sentence.

Of course, an appellate defense counsel need not advance contentions considered frivolous or lacking in merit. Certainly we do not seek to encourage that brand of "preventive law" which induces a lawyer to file needless or protracted pleadings simply to protect himself against a later charge of ineffective assistance of counsel. However, we do wish to assure that an appellate defense counsel has not overlooked any viable option available to him in representing his client before the Court of Military Review. Indeed, we also are convinced that, as part of effective representation at the trial or appellate level, a defense counsel should be aware of any administrative remedies—such as an administrative discharge, parole, or discharge review—which may better his client's condition. *Cf. United States v. Hannan,* 17 MJ 115 (CMA 1984); Cantrell, *Post Conviction Remedies,* The Army Lawyer 38 (DA Pamphlet 27–50–187, July 1988).

We are aware that oral argument seldom is presented before the Court of Military Review and is especially infrequent when the only issue is sentence appropriateness. Furthermore, as is evident from our review of many thousand records, cases often are submitted to the Court of Military Review on their merits without counsel's claiming legal error and without contesting either appropriateness of the sentence that was adjudged or the factual determinations made by the court-martial.

In this connection, we have been concerned that institutional constraints exist which might induce an appellate defense counsel not to attack the appropriateness of his client's sentence before the Court of Military Review in order to have a better prospect of obtaining clemency or administrative relief. For example, administrative procedures are conceivable whereunder an accused could not be considered for clemency or parole while his case was undergoing appellate review; and in that event, an appellate defense counsel would sometimes be confronted with an unpalatable choice between expediting judicial review by not assigning error or obtaining extensive judicial review and losing possible administrative relief. Under such circumstances, a counsel seeking to obtain the best overall result for his client might make an informed choice not to assign any errors, and he might be compelled by practical considerations to abandon appellate contentions

that might have merit. In such an event, the congressional intent that there be unfettered appellate review of the findings and sentence adjudged by courts-martial would be thwarted.

■ With these considerations in mind, we heard oral argument on appellant's motion to remand his case to the Court of Military Review. We are now convinced that, at least in this case, the appellate defense counsel was not confronted with any such Hobson's choice between full appellate review and administrative relief. Thus, we conclude that, contrary to our initial fears, Baker's appellate defense counsel was not limited in any way in evaluating the contentions that he could advance in his client's behalf before the Court of Military Review.

■ That court has not only the power but also the independent duty to consider appropriateness of the sentences adjudged. We also have been concerned that appellate defense counsel sometimes may have relied unduly on the Courts of Military Review to perform this duty without the assistance of counsel. In *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), the Supreme Court made clear that review of a criminal conviction by even the best intentioned and most informed appellate court without the benefit of counsel for the defendants differs significantly from review by an appellate court which has before it the brief and arguments of counsel.

The difference is magnified if—as may happen in some tribunals—one judge of the court's panel takes the primary responsibility for reading a detailed record of trial and informing the other members of its contents. If this practice does exist, it may create a special need for appellate defense counsel to file pleadings highlighting the matters in the record which may be of special benefit to the accused. Presumably, these pleadings will be read by all the

members of the tribunal—even if they do not carefully examine the full record of trial; and also they may be readily referred to by the members as they confer on or otherwise consider the case under review.

So far as we can determine from the oral argument—which was presented by the Chief of Defense Services—appellate defense counsel are unfamiliar with the current workings of the Court of Military Review [1] but are confident that each judge on a panel is adequately informed—and in this case was adequately informed—of all matters bearing on appropriateness of sentence.

An appellate defense counsel may have a legitimate concern that, if he advances too many arguments, none will receive adequate attention. *Cf. Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). However, in determining the arguments to be advanced in an appellate brief or in oral argument, appellate defense counsel must take into account the ethical principle which forbids sacrificing the interest of client A in order to obtain better results for clients B, C and D.[2] As we understand the ethical obligations of an attorney, effective representation of a client requires that his interest be paramount, rather than balanced against those of other clients. EC 5–1, ABA Model Code of Professional Responsibility (1980); *see* Rule 1.7(b), ABA Model Rules of Professional Conduct (1983).

Our concerns in this regard also were discussed during oral argument. We now are convinced that in this case the failure of appellate defense counsel to file any pleading with the Court of Military Review did not violate the test prescribed by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *cf. United States v. Scott*, 24 MJ 186 (CMA 1987). Accordingly, no need exists for the Court of Military Review to consider any

---

1. We had assumed that, since the Chief Appellate Defense Counsel was recently a member of the Court of Military Review, appellate defense counsel would have more information as to that court's internal procedures.

2. Obviously, appellate government counsel do not have the same problem because their client is always the same—namely, the Government.

issue concerning the effectiveness of appellate representation received by this appellant.

However, since the motion to remand is unopposed by the Government, we grant it and remand this case to the Court of Military Review to allow counsel an opportunity to file any additional pleadings there, if they choose to do so.

The decision of the United States Air Force Court of Military Review is set aside. The record of trial is returned to the Judge Advocate General of the Air Force for submission to that court for further proceedings. Thereafter, the record will be returned to this Court.

Judges COX and SULLIVAN, concur.