UNITED STATES, Appellee,

v.

Derrick A. BRADFORD, Specialist
Four, U.S. Army, Appellant.

No. 60,972.

CM 8702438.

U.S. Court of Military Appeals.

May 17, 1989.

For Appellant: *Colonel John T. Ed-
wards* and *Captain Thomas A. Sieg* (ar-
gued); *Captain Jeffrey J. Fleming* (on mo-
tion).

For Appellee: *Colonel Norman G. Coo-
per, Lieutenant Colonel Gary F. Rober-
son, Captain Martin D. Carpenter.*

PER CURIAM:

Bradford was tried by a general court-
martial with officer members; and con-
trary to his pleas, he was found guilty of
possessing a switch-blade knife, in violation
of a lawful general regulation, and assault-
ing another, thereby intentionally inflicting
grievous bodily harm, in violation of Arti-
cles 92 and 128, Uniform Code of Military

Justice, 10 USC §§ 892 and 928, respective-
ly. His sentence was a bad-conduct dis-
charge and confinement for 9 months. The
convening authority approved the sentence;
and the Court of Military Review affirmed
the findings and sentence in a short-form
opinion.

In the Court of Military Review appellate
defense counsel did not independently as-
sign error; but they did present in footnote
form issues which appellant wished to have
raised. *Cf. United States v. Grostefon,* 12
MJ 431 (CMA 1982). Similar pleadings
were filed in this Court after the accused
had petitioned for review. We specified
two issues for review:

I

WHETHER THE EVIDENCE IS SUFFI-
CIENT AS A MATTER OF LAW TO
REBUT THE DEFENSE OF SELF-DE-
FENSE.

II

WHETHER APPELLANT RECEIVED
EFFECTIVE ASSISTANCE OF COUN-
SEL IN HIS POST-TRIAL REPRESEN-
TATION.

Appellant had been at a dancing club on
the evening of February 3, 1987, when a
friend who was dancing asked Bradford to
hold his knife, which was falling from his
pocket while he danced. Later that eve-
ning, Bradford began to argue with Spe-
cialist Four Mark J. Robertson. Ultimate-
ly, Robertson hit appellant, who then
brandished the knife in self-defense. The
two men fell to the floor and began to
scuffle. During the scuffle, the victim was
stabbed.

According to the evidence, Robertson
had a reputation for being aggressive and
had engaged in other altercations prior to
his encounter with appellant. Moreover,
Robertson did not appear at the Article 32,
UCMJ, 10 USC § 832, hearing and was
absent without leave at the time of appel-
lant's trial. Bradford's chain of command

had suggested that he be retained in the Army and had not recommended trial by general court-martial. The staff judge advocate had recommended trial by general court-martial without stating his reasons; but he had advised the convening authority as to the recommendations of Bradford's supervisors.

After we granted review of this case, appellate defense counsel filed an unopposed motion to remand to the Court of Military Review. However, we decided to hear argument on the motion, in order to determine whether any need existed to remand the case; or whether we could dispose of the case a this time. During oral argument on the motion, we directed the attention of appellate defense counsel to the same concerns which we have discussed in *United States v. Baker*, 28 MJ 121

(CMA 1989), and we received similar responses from those counsel. Just as in *Baker*, we conclude here that appellate defense counsel did not fail in their duty to provide effective representation.

However, since the motion to remand is unopposed by the Government, we remand this case to the Court of Military Review to allow counsel an opportunity to file any additional pleadings there, if they choose to do so.

The decision of the United States Army Court of Military Review is set aside. The record of trial is returned to the Judge Advocate General of the Army for submission to that court for further proceedings. Thereafter, the record will be returned to this Court.