# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

_____

**No. ACM S32620**

_____

**UNITED STATES**
*Appellee*

**v.**

**Dylan A. SAMUDIO**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

_____

Appeal from the United States Air Force Trial Judiciary

Decided 31 March 2021

_____

*Military Judge:* Christina M. Jimenez.

*Sentence:* Sentence adjudged 18 September 2019 by SpCM convened at Joint Base Lewis-McChord, Washington. Sentence entered by military judge on 2 October 2019: Bad-conduct discharge, confinement for 30 days, and reduction to E-1.

*For Appellant:* Major Alexander A. Navarro, USAF.

*For Appellee:* Lieutenant Colonel Brian C. Mason, USAF; Major Peter F. Kellett, USAF; Mary Ellen Payne, Esquire.

Before MINK, KEY, and ANNEXSTAD, *Appellate Military Judges*.

Judge ANNEXSTAD delivered the opinion of the court, in which Senior Judge MINK and Judge KEY joined.

_____

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

_____

ANNEXSTAD, Judge:

A special court-martial composed of a military judge sitting alone convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of one specification of indecent conduct, in violation of Article 134, Uniform Code

of Military Justice (UCMJ), 10 U.S.C. § 934.[1,2] The court-martial sentenced Appellant to a bad-conduct discharge, confinement for 30 days, and reduction to the grade of E-1. The convening authority took no action on the findings or sentence.[3]

Appellant raises two issues for our consideration: (1) whether Appellant's bad-conduct discharge renders his sentence inappropriately severe; and (2) whether Appellant is entitled to sentence relief because the convening authority failed to put his decision on Appellant's request for deferment in writing. We conclude the convening authority erred, but this error did not materially prejudice Appellant's substantial rights, and we affirm the findings and sentence.

## I. BACKGROUND

Appellant enlisted in the United States Air Force in 2015 and served as a loadmaster on C-17A aircraft. On 16 June 2019, at approximately 1330, military 911 operators received calls from two different callers that a white male with dark hair, later identified as Appellant, was standing naked near the back of a white Volkswagen on base, holding his phone in one hand and masturbating with his other hand. One of the callers, Ms. BM, reported that there was a "guy on the side of the road . . . and he's on the side of the road on military property, standing outside of his car naked as a jaybird masturbating." Ms. BM described the sight as "very disturbing" and the "most shocking thing" she had ever witnessed. The other caller, Ms. MR, provided the car's license plate information.

Conservation law enforcement officers from Joint Base Lewis-McChord responded to the call and found a car matching the caller's description driving south of the reported area. Officers initiated a traffic stop and identified Appellant as the driver and registered owner of the car. Appellant matched the callers' descriptions and was wearing a t-shirt and sweatpants when officers initiated the stop.

---

[1] Pursuant to the plea agreement, Appellant pleaded not guilty to one specification of indecent exposure in violation of Article 120c, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920c. This specification was later withdrawn by the Government and dismissed with prejudice.

[2] All references to the UCMJ and Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.).

[3] The plea agreement stated the convening authority would approve no confinement in excess of 90 days and that the military judge may sentence Appellant to a bad-conduct discharge.

During his guilty plea inquiry, Appellant told the military judge that he had "[taken] off [his] clothing, exited [his] vehicle, and began to masturbate" while facing a public roadway in the state of Washington. He admitted that at least two people saw him masturbate, and that two additional people may have seen him as well. Appellant also admitted that it was his intent to masturbate at the rear of his vehicle where he was in full view of oncoming traffic. Finally, he agreed that his conduct was "grossly vulgar, obscene, and repugnant to common propriety" and was "of a nature to bring discredit upon the armed forces."

## II. DISCUSSION

### A. Sentence Appropriateness

Appellant contends his sentence to a bad-conduct discharge was inappropriately severe given the entire record of trial, his character and military service, and the nature of the offense to which he pleaded guilty. We disagree.

This court "may affirm only . . . the sentence or such part or amount of the sentence, as [it] finds correct in law and fact and determines, on the basis of the entire record, should be approved." Article 66(d)(1), UCMJ, 10 U.S.C. § 866(d)(1). We review sentence appropriateness de novo, employing "a sweeping Congressional mandate to ensure 'a fair and just punishment for every accused.'" *United States v. Baier*, 60 M.J. 382, 384 (C.A.A.F. 2005) (citations omitted). We are tasked with ensuring Appellant receives the right amount of punishment for his offenses. *See United States v. Barker*, 28 M.J. 121, 122 (C.M.A. 1989). In determining whether a sentence is appropriate, we consider the "particular appellant, the nature and seriousness of the offense, the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (per curiam) (citations omitted). Although we have a great deal of discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Healy*, 26 M.J. 394, 395–96 (C.M.A. 1988).

After conducting a review of the entire record, we find that the sentence is appropriate. In reaching this conclusion, we considered Appellant's unsworn statement, his enlisted performance reports, the defense exhibits submitted at trial, and all the matters submitted by Appellant during clemency. We also considered the facts of the offense to which Appellant pleaded guilty and all other properly admitted matters. We are not persuaded that Appellant's sentencing evidence outweighs the aggravating facts that he parked his car on a public roadway, removed all of his clothing, and intentionally positioned himself in full view of oncoming traffic while he masturbated. Additionally, we are also not persuaded that Appellant's service record was so exemplary that it outweighed his deplorable offense. We note that the only sentence limitation in Appellant's plea agreement was a 90-day maximum confinement term and

that Appellant explicitly agreed that the military judge could adjudge a bad-conduct discharge. Because the military judge sentenced Appellant to confinement for 30 days and a bad-conduct discharge, Appellant received a more favorable sentence than he bargained for, one-third of the agreed-upon maximum term of confinement. Considering Appellant's offense, Appellant's particular circumstances, and all the matters he submitted in extenuation and mitigation, we do not find Appellant's sentence inappropriately severe.

**B. Denial of Appellant's Request for Deferment**

On 27 September 2019, nine days after his court-martial concluded, Appellant submitted matters to the convening authority through his defense counsel. Appellant requested that the convening authority reduce his confinement to 15 days based on his past performance, acceptance of responsibility and rehabilitation efforts. Appellant's trial defense counsel further requested that the convening authority defer Appellant's reduction in grade and automatic forfeitures of pay, pursuant to Article 57(b), UCMJ, 10 U.S.C. § 857(b) and Rule for Courts-Martial (R.C.M.) 1103(b), until the entry of judgment was signed by the military judge. Appellant's counsel also requested that the convening authority waive automatic forfeitures of pay for the benefit of Appellant's spouse, pursuant to Article 58b, UCMJ, 10 U.S.C. § 858b, and R.C.M. 1103(h). The convening authority never responded to either request and made no mention of the requests when he signed his Decision on Action memorandum on 30 September 2019 in which he stated he was taking "no action" on the findings and sentence. On appeal, Appellant asserts the convening authority's failure to respond in writing was error.

In response to Appellant's assignment of error, the Government submitted a declaration dated 21 May 2020 from Colonel (Col) (Retired (Ret)) SC, the convening authority in Appellant's case.[4] In the declaration, Col (Ret) SC stated that prior to signing the Decision on Action memorandum, he considered Appellant's written request for "deferment of reduction in grade and automatic forfeitures and waiver of automatic forfeitures of pay." He further stated that he "denied the deferment request due to the nature of [Appellant]'s offense of which he was convicted, the sentence adjudged, the effect of deferment on good order and discipline in the command." Furthermore, Col (Ret) SC stated that the interests in deferral did not outweigh the "community's interest" in the imposition of the punishment on its effective date. Finally, Col (Ret) SC stated

---

[4] Because the issue of the deferment request was raised in the record but was not fully resolvable by those materials, we have considered the declaration from Col (Ret) SC as supplementing the record, consistent with *United States v. Jessie*, 79 M.J. 437, 444 (C.A.A.F. 2020).

that he also denied Appellant's waiver request. He does not, however, assert he reduced his denial to writing at the time he made his decision or offer any explanation as to why he did not do so. In response, Appellant contends that the convening authority's reasons for denying Appellant's deferment request were "inadequate and vague."

When a member requests deferment, he has the burden of showing that his interests and those of the community in granting the deferment outweigh the community's interest in imposing the punishment on its effective date. R.C.M. 1103(d)(2). The Rules for Courts-Martial list factors the convening authority may consider in acting on a deferment request, including the nature of the offense, the sentence, the effect a deferment would have on good order and discipline in the command, and the requesting member's "character, mental condition, family situation, and service record." *Id*. A convening authority's decision on a deferment request must be in writing, attached to the record of trial, and a copy must be provided to the appellant and the military judge. *Id*. Unlike decisions on deferment requests, there is no requirement for decisions on requests for waiver of automatic forfeitures to be in writing. *United States v. Edwards*, 77 M.J. 668, 670 (A.F. Ct. Crim. App. 2018); *see also* R.C.M. 1103(h).

We review a convening authority's decision on a deferment request for an abuse of discretion. R.C.M. 1103(d)(2); *United States v. Sloan*, 35 M.J. 4, 6 (C.M.A. 1992), *overruled on other grounds*, *United States v. Dinger*, 77 M.J. 447 (C.A.A.F. 2018). In reviewing challenges to deferment denials, we have not required convening authorities to provide in-depth analyses as to their rationale; instead, we have required them to simply identify the reasons for the denial. *See, e.g.*, *United States v. Bell*, No. ACM 39447, 2019 CCA LEXIS 293, at *5 (A.F. Ct. Crim. App. 9 Jul. 2019) (unpub. op.). We have found error with respect to deferment denials when the convening authority advances no reason for the denial at all. *See, e.g.*, *United States v. Paulett*, No. ACM 39268, 2018 CCA LEXIS 444, at *18 (A.F. Ct. Crim. App. 14 Sep. 2018) (unpub. op.).

A convening authority's omission does not entitle Appellant to relief unless it materially prejudiced a substantial right. *United States v. Eppes*, No. ACM 38881, 2017 CCA LEXIS 152, at *43 (A.F. Ct. Crim. App. 21 Feb. 2017) (unpub. op.) (citing Article 59(a), UCMJ, 10 U.S.C. § 859(a)), *aff'd*, 77 M.J. 339 (C.A.A.F. 2018). "[A]bsent credible evidence that a convening authority denied a request to defer punishment for an unlawful or improper reason, an erroneous omission of reasons in a convening authority's denial of a deferment request does not entitle an appellant to relief." *Id*. at *43 (citing *United States v. Zimmer*, 56 M.J. 869, 874 (A. Ct. Crim. App. 2002)).

Regardless of when the convening authority made his decision to deny Appellant's deferment request, he erred by not putting that decision in writing and by not serving it on either Appellant or the military judge as required by

R.C.M. 1103(d)(2). Finding error, we turn our attention to whether the convening authority's error materially prejudiced any of Appellant's substantial rights. Appellant claims that he was prejudiced in two ways: (1) that his spouse was denied needed financial support; and (2) he was deprived of his right to challenge the convening authority's decision for abuse of discretion.

We see no evidence that Appellant was materially prejudiced by the convening authority's failure to put his decision in writing, or that the convening authority's denial was for an unlawful or improper reason. The convening authority balanced Appellant's interests against the severity of Appellant's crime and the effect of deferment on good order and discipline and denied the request. Without the necessary showing of prejudice, we conclude no relief is warranted. *See United States v. Jalos,* No. ACM 39138, 2017 CCA LEXIS 607, at *5–6 (A.F. Ct. Crim. App. 5 Sep. 2017) (unpub. op.) ("Even when there is error in the convening authority's action on a deferment request, relief is only warranted if an appellant makes a colorable showing of possible prejudice.").

As to Appellant's claim that the convening authority's rationale was "inadequate and vague," we agree that the convening authority's after-the-fact explanation for his denial was limited and contained little analysis. Nonetheless, we have never required more explanation than what the convening authority gave in this case. He thereby fulfilled the requirements of R.C.M. 1103(d)(2) with respect to the basis for his decision.[5]

---

[5] *See, e.g.*, *United States v. Bell*, No. ACM 39447, 2019 CCA LEXIS 293, at *3 (A.F. Ct. Crim. App. 9 Jul. 2019) (unpub. op.) (finding the following justification adequate: "Your request is denied because the nature of the offenses for which you were convicted, the sentence adjudged, the interests of good order and discipline, and the interests of the community outweigh any interest in deferring the sentence imposed.").

## III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.[6,7]

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[6] We note the Statement of Trial Results in this case failed to include the command which convened the court-martial as required by Rule for Courts-Martial (R.C.M.) 1101(a)(3). Appellant has made no claim of prejudice, and we find none. *See United States v. Moody-Neukom,* No. ACM S32594, 2019 CCA LEXIS 521, at *2–3 (A.F. Ct. Crim. App. 16 Dec. 2019) (per curiam) (unpub. op.).

[7] Although not raised by Appellant, we also note that the entry of judgment (EoJ) fails to document Appellant's request for both deferment and waiver, and the convening authority's action on both of Appellant's requests as required by R.C.M. 1111(b)(3)(A), R.C.M. 1111(b)(3)(B). Appellant has not claimed any prejudice as a result of these errors, and we find none. We direct the military judge, through the Chief Trial Judge, Air Force Trial Judiciary, to have a detailed military judge correct the EoJ accordingly and prior to completion of the final order under R.C.M. 1209(b) and Air Force Instruction 51-201, *Administration of Military Justice*, Section 14J (18 Jan. 2019).